Filed 12/16/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 221

Dawn Michelle Siewert, Plaintiff and Appellee

v.

Alan Dean Siewert, Defendant and Appellant

No. 20080065

Dawn Michelle Siewert, Plaintiff and Appellant

v.

Alan Dean Siewert, Defendant and Appellee

No. 20080095

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable Cynthia Rothe-Seeger, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Michael L. Gjesdahl, Gjesdahl Law Office, Insight Professional Offices, 1375 21st Avenue North, Suite A, Fargo, N.D. 58102, for Dawn Michelle Siewert.

Susan L. Ellison, Ohnstad Twichell, P.C., P.O. Box 458, West Fargo, N.D. 58078-0458, for Alan Dean Siewert.

Siewert v. Siewert

Nos. 20080065
 
& 20080095

Kapsner, Justice.

[¶1] Alan Siewert appeals from an amended judgment modifying custody and visitation.  Dawn Siewert appeals from a separate order dismissing her motion to modify Alan Siewert’s child support obligation.  We conclude the district court’s findings about modifying custody and visitation are not clearly erroneous, and we affirm the amended judgment.  We also conclude the district court erred in dismissing Dawn Siewert’s motion to modify child support, and we reverse and remand for further proceedings.

I

[¶2] Dawn and Alan Siewert were married and have two children together.  In 2004, Dawn and Alan Siewert divorced and a judgment was entered based upon the parties’ stipulation.  The parties agreed to share joint legal custody of the children, to grant Dawn Siewert sole physical custody of the children, and to allow Alan Siewert visitation with the children approximately fifty percent of the time.  Alan Siewert was ordered to pay child support of $1,259 per month for the two children.

[¶3] In May 2005, Alan Siewert married Kathleen Siewert.  In March 2007, Dawn Siewert moved to amend the judgment requesting sole legal custody of the children and seeking to require that Alan Siewert’s visitation be supervised.  Dawn Siewert claimed Kathleen Siewert had attempted to alienate the children from her, Alan Siewert had not acknowledged or attempted to stop Kathleen Siewert’s behavior, and the children were being harmed as a result.  Alan Siewert responded with a motion for sole physical custody of the children, and asked the court to appoint a guardian ad litem and a custody investigator and to order a parental capacity evaluation.

[¶4] After a hearing, the district court granted Alan Siewert’s motion to appoint a custody investigator, but denied his request for a guardian ad litem and a parental capacity evaluation. 

[¶5] A November 2007 hearing was held on the parties’ motions.  During the hearing, Dawn Siewert, Alan Siewert, and Kathleen Siewert testified. Laurie Christianson, the custody investigator, also testified and submitted her report recommending the parents continue to have joint legal custody and Dawn Siewert continue to have sole physical custody, but that Alan Siewert’s visitation be slightly reduced.  As part of the custody investigation, Christianson arranged for the children to be seen by Peter Moynihan and Carolyn Meske, counselors at Solutions Behavioral Healthcare Professionals, and their reports were also included in the evidence presented to the court.  Moynihan and Meske found the children were being affected by the conflict between Dawn and Kathleen Siewert, and reported that one of the children indicated the conflict was primarily instigated by Kathleen Siewert.  There was also evidence from a deposition of Dr. Carita Shawchuck, a psychologist who had occasionally met with the children over the past couple of years, and a copy of her notes from sessions with the children. Dr. Shawchuck’s notes indicated the children had anxiety over their parents’ relationship, the children reported Kathleen Siewert was hostile toward their mother, and their father did not believe them when they tried to tell him about Kathleen Siewert’s behavior.  The court also considered an affidavit and testimony from Dr. Stephen Timm, a psychologist Alan Siewert hired, who interviewed Alan and Kathleen Siewert and reviewed other evidence including Dr. Shawchuck’s notes.  Dr. Timm testified he believed Dawn Siewert instigated the conflict with Kathleen Siewert and the children were influenced by their mother’s perception of the situation.  

[¶6] In a January 2008 order, the district court found Dawn and Alan Siewert have a dysfunctional relationship and are unable to communicate or cooperate with each other, the children have suffered from emotional distress because of their parents’ relationship, Kathleen Siewert’s conduct toward Dawn Siewert has caused the children emotional distress, and Alan Siewert does not believe Kathleen Siewert has done or said anything to alienate the children’s love and affection for their mother.  The court ultimately found Alan Siewert’s marriage to Kathleen Siewert, the increased level of acrimony between the adults, and the impact on the children were material changes in circumstances.  The court decided it was in the children’s best interest that Dawn Siewert continue to have sole physical custody of the children, that she have sole legal custody of the children, and that visitation be modified.  The court denied Dawn Siewert’s request for supervised visitation, but reduced Alan Siewert’s visitation to every other weekend, one night a week, alternate holidays, and every other week during the summer.  The court also ordered the parents to participate in co-parenting therapy.  An amended judgment was subsequently entered. 

[¶7] In February 2008, Dawn Siewert moved to amend the judgment, requesting the court modify Alan Siewert’s child support obligation to conform to the amount of support required under the child support guidelines. She later requested his child support obligation be modified to $2,246 for two children.  Alan Siewert responded to the motion on March 7, 2008, and requested his child support obligation be modified to $2,133 for two children. 

[¶8] On March 6, 2008, Alan Siewert appealed from the amended judgment giving Dawn Siewert sole legal and physical custody of the children and modifying his visitation.  

[¶9] At a March 17, 2008, hearing before a judicial referee, Dawn Siewert’s attorney questioned whether the court had jurisdiction to modify child support while the appeal from the amended judgment was pending, and both parties filed briefs on the issue.  The judicial referee entered an order ruling the court did not have jurisdiction to consider the merits of Dawn Siewert’s motion.  The referee declined to take further action on the matter and refused to dismiss the motion, finding dismissal was not appropriate because the jurisdictional defect would be remedied upon conclusion of the appeal and dismissal of the motion would cause irreparable harm.

[¶10] Alan Siewert requested district court review of the referee’s decision, arguing the referee erred in denying his motion to dismiss.  Upon review, the district court dismissed Dawn Siewert’s motion to modify child support, concluding the court lacked jurisdiction to hear the motion. 

II

[¶11] Alan Siewert argues the district court abused its discretion in denying his request to appoint a guardian ad litem.  He claims Dawn Siewert placed the children in the middle of the conflict, and a guardian ad litem could have provided the court with significant information. 

[¶12] A court may appoint a guardian ad litem in child custody cases under N.D.C.C. § 14-09-06.4, which provides:

[I]n any action when the custody or visitation of children is contested, either party to the action may petition the court for the appointment of a guardian ad litem to represent the children concerning custody, support, and visitation.  The court, in its discretion, may appoint a guardian ad litem or child custody investigator on its own motion.  If appointed, a guardian ad litem shall serve as an advocate of the children’s best interests.  If appointed, the child custody investigator shall provide those services as prescribed by the supreme court.  The court may direct either or both parties to pay the guardian ad litem or child custody investigator fee established by the court.

 

[¶13] 
A district court has discretion to appoint a guardian ad litem in a custody modification case, however, the court is not required to appoint a guardian ad litem upon a party’s motion, and the court’s decision will not be reversed on appeal absent an abuse of discretion.  
Hilgers v. Hilgers
, 2002 ND 173, ¶ 7, 653 N.W.2d 79.  A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.  
Id.
 

[¶14] 
In the proceeding before the district court, Alan Siewert argued a guardian ad litem was necessary because of the alienation allegations.  Dawn Siewert opposed the motion, arguing the court did not need a guardian ad litem to resolve the case and expressing concern about the cost of a guardian.
  The court denied Alan Siewert’s request for a guardian ad litem
, and appointed a custody investigator, explaining the investigator could provide the court with additional background information.  The parties have cited no evidence to suggest a guardian ad litem was also necessary.  Alan Siewert’s main concern was that a guardian ad litem could provide the court with additional information the parties could not present; however, the court appointed a custody investigator for that purpose.  The parties and custody investigator presented sufficient evidence for the court to resolve the issues, and Alan Siewert does not claim there was any specific information excluded because of the court’s decision.  There was no indication the children needed a guardian.  Under these circumstances we conclude the district court did not act arbitrarily, unreasonably, or unconscionably in denying the request for a guardian ad litem, and we affirm the court’s decision.  

III

[¶15] Alan Siewert argues the district court erred in finding it was in the children’s best interests to remain in Dawn Siewert’s custody and to reduce his visitation.  He contends there has been a material change in circumstances, including that Dawn Siewert caused the conflict with Kathleen Siewert, Dawn Siewert influenced the children’s statements and perceptions about Kathleen Siewert, and Dawn Siewert refused to cooperate with him to make major decisions for the children.  He argues it is in the children’s best interest that he be awarded sole legal and physical custody of the children.

[¶16] Under N.D.C.C. § 14-09-06.6(6), the court may modify a custody order, if it has been more than two years since the order was entered, and the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

 

b. The modification is necessary to serve the best interest of the child.

 

The party seeking a custody modification bears the burden of proving there has been a material change in circumstances and a modification is necessary to serve the best interests of the child.  
Seibel v. Seibel
, 2004 ND 41, ¶ 5, 675 N.W.2d 182.  A district court’s decision whether to modify custody is a finding of fact, which will only be reversed on appeal if it is clearly erroneous.  
Stanhope v. Phillips-Stanhope
, 2008 ND 61, ¶ 7, 747 N.W.2d 79.  A finding of fact is clearly erroneous if “there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.”  
Id.
   

[¶17] A material change in circumstances is an important new fact that was not known at the time of the prior custody decree; however, not every change will be sufficient to warrant a change of custody.  
See
 
Stanhope
, 2008 ND 61, ¶ 6, 747 N.W.2d 79.  “‘A material change of circumstances can occur if a child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.’”  
Id.
 (quoting 
Selzler v Selzler
, 2001 ND 138, ¶ 21, 631 N.W.2d 564). 

[¶18] 
The district court found a significant and material change of circumstances had occurred since the last custody order, including Alan Siewert’s marriage to Kathleen Siewert, the increased level of hostility between Dawn, Alan, and Kathleen Siewert, and the impact the adults’ relationships were having on the children.  
There was evidence Dawn and Alan Siewert’s relationship is dysfunctional, they are unable or unwilling to communicate or cooperate with each other, the children are aware that their parents’ relationship is hostile and it has caused them emotional distress, Dawn and Kathleen Siewert have a hostile relationship, and Dawn and Kathleen Siewert’s relationship has caused the children emotional distress.  The evidence supports the court’s findings of a material change in circumstances. 

[¶19] If the court finds there has been a material change in circumstances, the court must also consider whether the change is so adverse to the child’s best interests that custody should be modified.  N.D.C.C. § 14-09-06.6.  To determine whether a change is in the child’s best interest, the court must apply the factors set out in N.D.C.C. § 14-09-06.2(1).  
Mayo v. Mayo
, 2000 ND 204, ¶ 26, 619 N.W.2d 631.  “‘In a modification proceeding the best interests of the child must be gauged against the backdrop of the stability of the child’s relationship with the custodial parent.’”  
Woods v. Ryan
, 2005 ND 92, ¶ 11, 696 N.W.2d 508 (quoting 
Kelly v. Kelly
, 2002 ND 37, ¶ 22, 640 N.W.2d 38).

[¶20] The district court considered the best interest factors and made findings on each factor.  The court found the disposition of the parents to provide the children with food, clothing, medical, and other material needs favored Dawn Siewert because one of the children has allergies and is exposed to more things that could cause the child’s allergies to act up when the child is with Alan Siewert.  The court also found the interaction and interrelationship of the children and members of the household favors Dawn Siewert because Kathleen Siewert has said things about Dawn Siewert which have upset the children.  However, the court did not find any other factor favored either parent.  The court concluded it was in the children’s best interests for Dawn Siewert to have sole legal and physical custody of the children and to modify visitation.  The court’s decision was based on the dysfunctional and hostile relationships among the adults and their effect on the children, and the court’s findings indicate the court found Kathleen Siewert was more responsible for the hostility with Dawn Siewert.  

[¶21] Alan Siewert contends the court’s best interest analysis ignores that Dawn Siewert caused the conflict and the change in circumstances, and he argues it is in the children’s best interests to award him sole legal and physical custody.  Alan Siewert argues the district court ignored the evidence from Dr. Timm that Dawn Siewert instigated the conflict with Kathleen Siewert and influenced the children’s perceptions of Kathleen Siewert.  

[¶22] The court considered Alan Siewert’s evidence, including Dr. Timm’s testimony.  The court said, “Dr. Stephen Timm, clinical psychologist, reviewed counseling records, pleadings, and affidavits, and interviewed Alan and Kathleen.  He did not interview Dawn.  Dr. Timm opined that Kathleen is reacting to or responding to Dawn’s behavior as opposed to instigating the behavior herself.”  The court found “Kathleen denied that any conduct or words of hers have caused [the children] emotional distress.  The Court finds the reports of [the children] to the contrary and Plaintiff’s Exhibit #22 (the tape) establish that Kathleen’s testimony is not credible.”  The court considered the evidence from Dr. Timm; however, there was also conflicting evidence, including Dr. Shawchuck’s notes from her sessions with the children during which the children indicated Kathleen Siewert was hostile toward their mother and their father did not believe them when they told him about Kathleen Siewert’s conduct.  There was also evidence from the children’s interviews with Moynihan and Meske, including that the children have experienced stress related to the conflict and one of the children indicated Kathleen Siewert primarily instigated  the conflict.  

[¶23] Alan Siewert contends Dr. Timm’s testimony discredited Dawn Siewert’s allegations and Dr. Shawchuck’s counseling notes, because Dr. Timm testified he believed Dawn Siewert influenced the children and instigated the conflict, and there was no collateral evidence to support Dr. Shawchuck, Christianson, Moynihan, or Meske.  Alan Siewert claims Dr. Shawchuck’s opinion is biased because the children were influenced by their mother before they saw Dr. Shawchuck, and both parents were not present for the counseling.  He also questions the testimony of Moynihan and Meske because they are counselors and not psychologists. 

[¶24] The witnesses’ bias or qualifications, however, go to the weight the court gives the testimony.  
See
 
Loll v. Loll
, 1997 ND 51, ¶ 22, 561 N.W.2d 625.  The district court was in a better position to weigh the evidence, because the court has the advantage “of judging the credibility of witnesses by hearing and observing them and of weighing the evidence as it is introduced, rather than from a cold record.”  
Stanhope
, 2008 ND 61, ¶ 10, 747 N.W.2d 79.  This Court will not reweigh the evidence when there is conflicting testimony on material issues of fact, and the district court’s choice between two permissible views of the evidence is not clearly erroneous.  
Id.
  The district court considered the testimony from the different witnesses, including Dr. Timm, and gave the evidence the weight it deemed appropriate.  The court specifically found Kathleen Siewert’s testimony that her conduct had not caused the children emotional distress was not credible, and that finding is not clearly erroneous.  Based on the court’s findings we can discern that the court did not find Dr. Timm’s testimony as credible and gave it less weight than the other conflicting evidence.  The court’s findings about the hostility and conflict among the adults are supported by evidence and are not clearly erroneous.   

[¶25] Evidence of alienation is a significant factor in deciding custody.  
Loll
, 1997 ND 51, ¶ 16, 561 N.W.2d 625.  There was evidence of alienation by both parties.  The court found the parties are unwilling or unable to cooperate or communicate with each other, they have a hostile relationship, and Dawn Siewert has taken the children to counseling without Alan Siewert’s knowledge.  The court also found Dawn Siewert has made police reports about Kathleen Siewert’s conduct but no charges were filed, the children told psychologists that Kathleen Siewert was hostile toward their mother and their father did not believe them or do anything about Kathleen Siewert’s conduct, Alan Siewert refuses to believe Kathleen Siewert has done or said anything to alienate the children from their mother, and Kathleen Siewert’s testimony that she has not caused the children emotional distress was not credible.  The court found the children have suffered from emotional distress as a result of their parents’ relationship, and both parties shared fault.  In resolving custody disputes, the child’s best interests must be considered, while also considering the stability of the child’s relationship with the custodial parent, presuming the child is better off with the custodial parent, and resolving close cases in favor of continuing custody.  
See
 
Mayo
, 2000 ND 204, ¶ 26, 619 N.W.2d 631.  The court found both parents were responsible for the dysfunctional parenting relationship, and while there was conflicting evidence about who instigated the conflict between Dawn and Kathleen Siewert, the court found Kathleen Siewert was primarily responsible.  The court ultimately found it was in the children’s best interests to modify legal custody and visitation and for Dawn Siewert to retain sole physical custody.     

[¶26] The district court correctly applied N.D.C.C. § 14-09-06.6(6) to determine whether custody should be modified, the evidence supports the court’s findings , and we are not left with a definite and firm conviction a mistake has been made.  We conclude the court’s findings are not clearly erroneous, and we affirm the amended judgment modifying legal custody and visitation. 

IV

[¶27] Dawn Siewert argues the district court erred in dismissing her motion to modify child support.  She claims Alan Siewert’s appeal did not divest the district court of jurisdiction to decide her motion because child support was not an issue in Alan Siewert’s appeal, his appeal is frivolous, and appeals should not prohibit the court from tending to children’s best interests.

[¶28] The court’s order dismissing Dawn Siewert’s child support motion is appealable under N.D.C.C. § 28-27-02, because it prohibits Dawn Siewert from litigating the entitlement to a support modification retroactive to the date of her motion and affects her substantial rights.

[¶29] After a hearing on Dawn Siewert’s motion to amend the judgment and modify Alan Siewert’s child support obligation, a judicial referee concluded the court did not have jurisdiction to hear the motion because Alan Siewert’s appeal was pending.  The referee concluded, however, dismissal was not appropriate because the jurisdictional defect would be remedied after the appeal had concluded and dismissal could result in irreparable harm by significantly altering the effective date of any modification of support.  The district court reviewed the referee’s decision and dismissed the motion:

The Notice of Appeal to the North Dakota Supreme Court was filed March 6, 2008.  At that point, the District Court has no further subject matter jurisdiction, and any subsequent Order made after appeal is void for lack of jurisdiction.  
Harwood v Harwood
 283 N.W.2nd 144, 145 (ND 1979).  The exceptions to this general rule (see 
Orwick v Orwick
, 152 N.W.2nd 95 (1967)), do not apply to the case at hand.  When the Court lacks jurisdiction, dismissal is appropriate.  By denying Alan’s motion to dismiss Dawn’s motion and continuing the hearing until after the appeal is concluded, the Referee committed error.

 

(citations omitted).  

[¶30] Generally, a district court loses jurisdiction when a notice of appeal is filed.  
Peters-Riemers v. Riemers
, 2003 ND 96, ¶ 16, 663 N.W.2d 657.  This Court, however, has previously recognized there are some exceptions to that rule, including the retention of jurisdiction to enforce a judgment, to award attorney fees and expenses for prosecuting an appeal in a divorce case, or to award temporary alimony and support money.  
Id.
 (district court retains jurisdiction to enforce a judgment); 
Orwick v. Orwick
, 152 N.W.2d 95, 97 (N.D. 1967) (district court may award temporary alimony and support money while an appeal is pending); 
Bryant v. Bryant
, 102 N.W.2d 800, 808-09 (N.D. 1960) (district court has concurrent jurisdiction to award attorney fees while appeal is pending).

[¶31] While this Court has not specifically addressed whether a district court retains jurisdiction to modify child support, we have held the district court generally retains jurisdiction under N.D.C.C. § 14-05-23 to award attorney fees and temporary alimony in divorce cases while an appeal is pending.  
See
 
Rudh v. Rudh
, 517 N.W.2d 632, 637 (N.D. 1994); 
Orwick
, 152 N.W.2d at 96-97.  Section 14-05-23, N.D.C.C., provides, “During any time in which an action for separation or divorce is pending, the court, upon application of a party, may issue an order requiring a party to pay such support as may be necessary for the support of a party and minor children of the parties and for the payment of attorney fees.”  

[¶32] The plain language of the statute does not limit a district court’s jurisdiction only to awarding attorney fees or temporary support, and therefore any of the issues delineated in the statute generally may be decided by the district court at any time while a separation or divorce action is pending, including while an appeal is pending.  The statute provides that a court may order a party to pay support for the parties’ minor children “during any time in which an action for separation or divorce is pending.”  We conclude under the facts of this case, the district court had jurisdiction under N.D.C.C. § 14-05-23 to modify child support while the appeal on unrelated issues was pending.  

[¶33] This decision does not eliminate the requirement that only judgments and decrees that constitute a final judgment on the parties’ rights may be appealed.  
See
 
Choice Financial Group v. Schellpfeffer
, 2005 ND 90, ¶ 6, 696 N.W.2d 504; 
Kouba v. FEBCO, Inc.
, 1998 ND 171, 583 N.W.2d 810. “Rule 54(b), N.D.R.Civ.P., authorizes a trial court to enter a final judgment adjudicating fewer than all of the claims of all of the parties upon an express determination by the trial court that there is no just reason for delay and upon an express direction for the entry of judgment.”  
Choice Financial
, at ¶ 7.  However, this Court has a strong policy against piecemeal appeals and N.D.R.Civ.P. 54(b) certification is not favored.  
See
 
Mann v. North Dakota Tax Comm’r
, 2005 ND 36, ¶ 12, 692 N.W.2d 490; 
Pub. Serv. Comm’n v. Wimbledon Grain Co.
, 2003 ND 104, ¶ 8, 663 N.W.2d 186.  When both a motion to change custody and a motion to amend child support are pending in the district court at the same time, the district court should dispose of both motions before judgment is entered and an appeal is taken.  When a motion to change support is brought after another order is filed and while an appeal is pending, it may be appropriate to ask this Court to remand for the limited purpose of allowing the district court to decide issues such as this without relinquishing jurisdiction of the appeal.  
See
 N.D.R.App.P. 35(a)(3); 
Fode v. Capital RV Center, Inc.
, 1998 ND 65, ¶ 7, 575 N.W.2d 682.  Further, when the district court determines there are appropriate reasons to delay its decision, nothing in this decision would eliminate the district court’s discretion to defer, until the conclusion of the appeal, deciding a motion for support brought after an appeal of other issues is filed. 

[¶34] We conclude the district court had jurisdiction to hear Dawn Siewert’s motion to modify child support, and we reverse and remand for further proceedings on her motion. 

V

[¶35] Dawn Siewert moved for attorney fees and costs of appeal, claiming Alan Siewert’s appeal is frivolous and she has a need for attorney fees.

[¶36] A court has discretion to award attorney fees in an appeal in a divorce action.  N.D.C.C. § 14-05-23.  In deciding whether to award attorney fees, the court must balance the parties needs and ability to pay, the property each party owns, the parties’ incomes, and whether either party has increased the time spent on the case.  
Dvorak v. Dvorak
, 2006 ND 171, ¶ 24, 719 N.W.2d 362.  Although the district court and this Court have concurrent jurisdiction to award attorney fees, the district court is in a better position to consider the factors relevant to an award of attorney fees.  
Amsbaugh v. Amsbaugh
, 2004 ND 11, ¶ 44, 673 N.W.2d 601.

[¶37] 
Under N.D.R.App.P. 38, a party may be awarded single or double costs, including attorney fees, if an appeal is frivolous.  “‘An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith.’”  
Lucas v. Porter
, 2008 ND 160, ¶ 28, 755 N.W.2d 88 (quoting 
Witzke v. City of Bismarck
, 2006 ND 160, ¶ 19, 718 N.W.2d 586).

[¶38] Alan Siewert’s appeal is not flagrantly groundless, devoid of merit, and does not demonstrate persistence in the course of litigation which can be seen as evidence of bad faith.  We conclude Alan Seiwert’s appeal is not frivolous and decline to award Dawn Siewert attorney fees for the appeal under N.D.R.App.P. 38.  However, attorney fees may be appropriate under N.D.C.C. § 14-05-23, but the district court is in a better position to consider the relevant factors relating to the parties’ financial status and Dawn Siewert’s need and Alan Siewert’s ability to pay.  We remand for consideration of Dawn Siewert’s request for attorney fees under N.D.C.C. § 14-05-

23. 

[¶39]
 In response to Dawn Siewert’s appeal, Alan Siewert claims he should be awarded double costs and fees because her appeal is frivolous.  We conclude Dawn Siewert’s appeal is not frivolous and decline to award Alan Siewert double costs or fees for her appeal.

VI

[¶40] We conclude the district court’s decision to modify legal custody and visitation is not clearly erroneous, and we further conclude the court erred in dismissing Dawn Siewert’s motion to modify child support.  We affirm in part, reverse in part, and remand for further proceedings.

[¶41] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.