Filed 8/17/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 158

Barbara A. Lechler, Plaintiff and Appellee

v.

Paul Lechler, Defendant and Appellant

No. 20090370

Appeal from the District Court of Golden Valley County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Dann Edward Greenwood, P.O. Box 1157, Dickinson, N.D. 58602-1157, for plaintiff and appellee.

Camille O’Kara Hann, P.O. Box 802, Dickinson, N.D. 58602-0802, for defendant and appellant.

Lechler v. Lechler

No. 20090370

Sandstrom, Justice.

[¶1] Paul Lechler appeals from district court orders denying his motion to change the primary residential responsibility for his son and daughter to himself and granting Barbara A. Lechler’s motion to have the children returned to her.  We conclude the district court did not err in refusing to interview the children in chambers to learn their preferences for primary residential responsibility, and the court’s finding that there had been no material change of circumstances to support a change of primary residential responsibility is not clearly erroneous.  We affirm.

I

[¶2] In September 2003, the parties were divorced under the terms of a settlement agreement that awarded Barbara Lechler primary residential responsibility for the couple’s two children subject to reasonable visitation by Paul Lechler.  In May 2006, the district court granted her motion to permit her to change the residence of the children from Beach to Baker, Montana.  The order also modified the visitation provisions of the divorce decree.  Paul Lechler opposed the motion, but did not appeal the court’s final decision.

[¶3] In August 2009, Paul Lechler moved to change the primary residential responsibility for the children from Barbara Lechler to himself, and she responded with a motion to hold him in contempt for failing to return the children to her after summer visitation and for enrolling them in the Beach school system.  He alleged in an affidavit that his son, age 16 at the time, and daughter, age 12 at the time, preferred to live with him at his farm near Beach, that Barbara Lechler had committed domestic violence during an altercation with the son when she took away his cell phone, and that the best interests of the children would be better served if they resided with him.

[¶4] Before the hearing on the motions, the court notified the parties that “[u]nless the Court otherwise orders, evidence either in support of or in opposition to the motion must be presented by affidavit,” and that the affidavits would not be considered “unless, at the time of the evidentiary hearing, the party offering the affidavit makes the affiant available for cross[-]examination.”  The parties did not object to this condition, but Paul Lechler told the court in a supplemental affidavit:

I am not comfortable with submitting affidavits of our children subjecting them to a court appearance.  However, since the Court has more experience in this area than me, if the Court wishes to visit with our children and instructs me to make the children available to the Court, I will do so.

[¶5] During the evidentiary hearing, Barbara Lechler objected to the district court’s interviewing the children in chambers.  The parties were cross-examined regarding the claims made in their affidavits, but the court did not interview the children in chambers about their residential preferences because the parties would not “stipulate that I meet with them in chambers separately and just have a talk with them.”  The court denied Paul Lechler’s motion, finding that he failed to establish a material change of circumstances to justify changing primary residential responsibility for the children.  The court also denied Barbara Lechler’s motion for contempt and ordered the parties “to immediately work on the custody getting back to Ms. Lechler.”  After Paul Lechler failed to return the children to Barbara Lechler, the court issued an order for the return of the children to her care by 4 p.m. on October 20, 2009.

[¶6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Paul Lechler’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶7] Paul Lechler argues the district court erred in failing to grant his motion to change the primary residential responsibility for the children.

[¶8] Motions to modify primary residential responsibility after two years from entry of a previous order are governed by N.D.C.C. § 14-09-06.6(6), which provides:

The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

[¶9] The party seeking to change primary residential responsibility has the burden of proving there has been a material change in circumstances and a change in primary residential responsibility is necessary to serve the child’s best interests.  
Frueh v. Frueh
, 2009 ND 155, ¶ 8, 771 N.W.2d 593.  We have defined a “material change in circumstances” as “an important new fact that was not known at the time of the prior custody decree.”  
Siewert v. Siewert
, 2008 ND 221, ¶ 17, 758 N.W.2d 691.  If a district court determines no material change in circumstances has occurred, it is unnecessary for the court to consider whether a change in primary residential responsibility is necessary to serve the children’s best interests.  
See
 
Machart v. Machart
, 2009 ND 208, ¶ 11, 776 N.W.2d 795.  A district court’s decision whether to modify primary residential responsibility is a finding of fact which will not be reversed on appeal unless clearly erroneous.  
Dunn v. Dunn
, 2009 ND 193, ¶ 6, 775 N.W.2d 486.  A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.  
Id.
  

A

[¶10] Paul Lechler argues the district court erred in refusing to allow the children to state their residential preferences to the judge in chambers and out of the presence of the parties.

[¶11] We review a district court’s decision to allow children to testify about their residential preferences under the abuse of discretion standard.  
Clark v. Clark
, 2006 ND 182, ¶ 12, 721 N.W.2d 6.  A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.  
Woodward v. Woodward
, 2009 ND 214, ¶ 6, 776 N.W.2d 567.  A child’s preference to live with one parent can constitute a material change in circumstances to justify a change in primary residential responsibility if there are persuasive reasons for that preference, 
see, e.g.
, 
Machart
, 2009 ND 208, ¶ 12, 776 N.W.2d 795; 
Mosbrucker Mosbrucker
, 1997 ND 72, ¶ 10, 562 N.W.2d 390.  Here, although the parties agree the children want to live with their father, they disagree as to the reasons.  No affidavits were submitted from the children.  The children were not called to testify.  The district court could properly find that persuasive reasons for the preference were not established.

[¶12] The district court’s amended notice of hearing informed the parties that evidence “must be presented by affidavit.”  District courts “exercise great latitude and discretion in conducting a trial and in controlling the presentation of evidence.”  
Isaacson v. Isaacson
, 2010 ND 18, ¶ 9, 777 N.W.2d 886.  Paul Lechler did not object to this requirement and did not submit affidavits from the children expressing their residential preferences or the reasons for them.  Instead, Paul Lechler was reluctant to have the children involved in the proceedings and merely offered to make the children “available” to the court if the court “wishes to visit with” them.  The court decided not to visit with the children.

[¶13] Rule 43(a), N.D.R.Civ.P., provides that “[i]n every trial, the testimony of witnesses must be taken orally or by non-oral means 
in open court
, unless otherwise provided by statute or these rules.”  (Emphasis added.)  There are no statutes or rules addressing in chamber interviews of children by district court judges for purposes of learning their residential preferences.  Nevertheless, the practice is sanctioned by this Court’s caselaw, at least in situations in which the parties do not object to the procedure.  
See, e.g.
, 
Frueh
, 2009 ND 155, ¶ 19, 771 N.W.2d 593 (complaining party failed to object to in chamber interview during which parties’ attorneys were not allowed to question the child); 
Ryan v. Flemming
, 533 N.W.2d 920, 923 (N.D. 1995) (complaining party failed to object to in chamber interview of child during which parties’ attorneys were present but parties were not present); 
Guldeman v. Heller
, 151 N.W.2d 436, 439 (N.D. 1967) (in chamber interview of child “was consented to and agreed upon by respective counsel”); 
see also
 
Wolt v. Wolt
, 2010 ND 26, ¶ 19, 778 N.W.2d 786 (no objections mentioned); 
Klose v. Klose
, 524 N.W.2d 94, 96 (N.D. 1994) (same); 
Miller v. Miller
, 305 N.W.2d 666, 670 (N.D. 1981) (same); 
Bergstrom v. Bergstrom
, 296 N.W.2d 490, 493 (N.D. 1980) (same); 
Starke v. Starke
, 458 N.W.2d 758, 761 (N.D. Ct. App. 1990) (same).  

[¶14] In 
Muraskin v. Muraskin
, 336 N.W.2d 332, 334 (N.D. 1983), the district court, over the objection of one of the parties and in the absence of counsel, conducted an in chamber interview of two children and ruled the transcript of the interview would be made available to the Supreme Court, but not to the parties, because the court assured the children their statements would be confidential.  This Court affirmed the district court’s order on the basis of “comity and in order to continue the regard and respect for the courts.”  
Id.
 at 335.  This Court did not rule on the propriety of the district court’s in chamber interview, but noted “the procedure used here raises significant due process questions.”  
Id.
 at 335 n.2.  The district court in this case told the parties it would not interview the children in chambers unless the parties stipulated to the procedure.  Barbara Lechler objected to an in chamber interview of the children by the district court.

[¶15] We conclude the district court did not abuse its discretion in refusing to conduct an in chamber interview with the children to hear their residential preferences.

B

[¶16] Paul Lechler argues there was evidence of domestic violence between Barbara Lechler and his son sufficient to establish a material change of circumstances to justify a change of primary residential responsibility.

[¶17] A material change of circumstances can occur if a child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.  
Niemann v. Niemann
, 2008 ND 54, ¶ 12, 746 N.W.2d 3.  “If domestic violence exists under the definition in N.D.C.C. §  14-07.1-01 but does not rise to the level necessary to invoke the presumption contained in N.D.C.C. § 14-09-06.2(j), there may nevertheless be a change of circumstances which may justify a change in [primary residential responsibility] under N.D.C.C. § 14-09-06.6.”  
Niemann
, at ¶ 14.

[¶18] Paul Lechler relies on an altercation between the mother and the son over the son’s use of a cell phone as evidence of domestic violence.  The only competent evidence about the incident was provided by Barbara Lechler at trial and in her affidavit:

I was fixing supper when [the son] was finished, he walked in and I asked him to do his cereal dishes that he used the past few days.  [The son] asked to go to [the] Post Office to get the mail.  I told him he could go after the dishes were done.  [The son] became belligerent and told me in a very nasty tone that, “You will be receiving a letter!”, and wanted to know if I was scared.  He was headed for the back door and was looking for the key to the Post Office Box.  I didn’t want him going anywhere or doing anything else until he had washed his dishes as I had asked.  He reached for his cell phone and I grabbed it away from him.  He tried to take it away from me and we struggled for a few seconds.  I retained control of the phone and [the son] went downstairs and packed a bag of clothes and told [the daughter] to do the same.  I went into my living room and called my sister to inform her to what was happening.  [The daughter] came out of her room with a bag of clothes and walked by me with a very confused look on her face.  I didn’t want another physical confrontation with my son (he is six foot, eight inches tall) so I let them go.  The kids walked to the pickup and drove away.

[¶19] Parents have the right to use reasonable force to discipline their children.  
Dinius v. Dinius
, 1997 ND 115, ¶ 15, 564 N.W.2d 300.  A parent “may use reasonable force upon the minor for the purpose of safeguarding or promoting the minor’s welfare, including prevention and punishment of the minor’s misconduct, and the maintenance of proper discipline.”  N.D.C.C. § 12.1-05-05(1); 
see also
 
Dinius
, at ¶ 19 (father did not commit domestic violence by hitting daughter in face in dispute over washing dishes).  Here, according to the only sworn testimony, Barbara Lechler took the cell phone in an attempt to discipline the son.  We conclude the district court’s finding that this “isolated incident” did not amount to domestic violence sufficient to constitute a material change of circumstances is not clearly erroneous.

C

[¶20] Paul Lechler argues the district court erred in denying his motion without considering all of the evidence, including pre-divorce conduct and activities, because the initial determination of primary residential responsibility was based on the parties’ stipulation.

[¶21] This Court has said, “‘If the previous custody placement was based upon the parties’ stipulation and not by consideration of the evidence and court made findings, the trial court must consider all relevant evidence, including pre-divorce conduct and activities, in making a considered and appropriate custody decision 
in the best interests of the children
.”  
Kelly v. Kelly
, 2002 ND 37, ¶ 22, 640 N.W.2d 38 (quoting 
Wetch v. Wetch
, 539 N.W.2d 309, 312-13 (N.D. 1995)) (emphasis added); 
see also
 
Woods v. Ryan
, 2005 ND 92, ¶ 11, 696 N.W.2d 508.  The cases cited above demonstrate that the requirement of considering pre-divorce conduct when an initial custody placement is based on a stipulation is generally applied during the court’s assessment of the best interests of the children.  A district court does not reach the consideration of the best interest factors unless it first finds a material change of circumstances, 
see, e.g.
, 
Haugrose v. Anderson
, 2009 ND 81, ¶ 8, 765 N.W.2d 677, and the court in this case found no material change of circumstances.  

[¶22] In some cases, pre-divorce conduct may be considered in determining whether a material change of circumstances has occurred, 
see
 
Mock v. Mock
, 2004 ND 14, ¶  11, 673 N.W.2d 635, but there was no offer of proof in the district court detailing the specific pre-divorce conduct nor has any pre-divorce evidence in the record been identified on appeal.  Without it, we are unable to review whether the district court’s failure to consider the evidence was prejudicial error.  
See
 
Forster v. West Dakota Veterinary Clinic, Inc.
, 2004 ND 207, ¶ 43, 689 N.W.2d 366, 
overruled on other grounds
, 
Minto Grain LLC v. Tibert
, 2009 ND 213, ¶ 11, 776 N.W.2d 549.

[¶23] We conclude Paul Lechler has failed to establish the district court erred in not considering the parties’ pre-divorce conduct.

D

[¶24] Paul Lechler argues the district court failed to make sufficient findings of fact in denying his motion.

[¶25] The district court issued a six-page decision, and the findings in the decision are adequate for this Court to discern the factual basis for the court’s determination.  
See
 
Dunn
, 2009 ND 193, ¶ 6, 775 N.W.2d 486.  The district court found the evidence of the children’s preferences and of the alleged act of domestic violence did not establish a material change in circumstances. 

[¶26] Having reviewed the record, we conclude the district court’s finding that there has been no material change of circumstances to support changing the primary residential responsibility for the children is not clearly erroneous.

III

[¶27] The orders are affirmed.

[¶28] Dale V. Sandstrom

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Maring, Justice, concurring in the result.

[¶29] I concur in the result based on my concurrence in the result in 
Kelly v. Kelly
, 2002 ND 37, 640 N.W.2d 38.

[¶30] Mary Muehlen Maring