2016 ND 34

**Heather J. HAAG, Plaintiff and Appellant**

v.

**Michael HAAG, Defendant and Appellee**

**and**

**State of North Dakota, Statutory Real Party In Interest.**

No. 20150193.

Supreme Court of North Dakota.

Feb. 18, 2016.

Suzanne M. Schweigert (argued) and Leah R. Carlson (appeared), Bismarck, N.D., for plaintiff and appellant.

Rodney E. Pagel, Bismarck, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Heather Haag appealed from a district court order denying her motion to modify primary residential responsibility, parenting time, and child support. We reverse and remand, concluding the court's decision was induced by an erroneous view of the law and the court's finding that Heather Haag did not prove a material change in circumstances is clearly erroneous.

## I.

[¶ 2] Heather Haag and Michael Haag were married in 2000 and have one minor child together. The parties divorced in 2009, and the district court adopted the parties' stipulation and ordered the parties have equal residential responsibility of the child.

[¶ 3] On October 16, 2014, Heather Haag moved to modify primary residential responsibility of the child, parenting time, and child support. She also moved for an ex parte interim order and filed a supporting affidavit and exhibits. She alleged Michael Haag has a long history of using alcohol and drugs, he was arrested for cocaine possession in August 2014, and he was convicted of boating under the influence of alcohol in 2009. She also alleged Michael Haag physically abused her during the marriage and the child witnessed the abuse.

[¶ 4] The district court granted Heather Haag's motion for an ex parte interim order, and ordered Michael Haag have supervised parenting time two times per week for two hours each visit. The court also found Heather Haag established a prima facie case justifying modification and ordered an evidentiary hearing be held.

[¶ 5] After a hearing, the district court denied Heather Haag's motion to modify primary residential responsibility, parenting time, and child support. The court found most of the evidence Heather Haag presented focused on Michael Haag's pre-divorce drug and alcohol use and abusive behavior. The court found Michael Haag was physically and emotionally abusive to Heather Haag before the divorce, he has serious problems with drugs and alcohol, and the parties knew about these problems before the divorce. The court, therefore, concluded Heather Haag did not prove a material change in circumstances, and it did not consider the best interest factors to determine whether modification was in the child's best interests.

## II

[¶ 6] Heather Haag argues the district court erred by finding she did not prove a material change in circumstances. She claims Michael Haag's alcohol and drug use, his criminal history, his history of committing domestic violence, and the improvements in her life accompanied by a general decline in the child's condition are material changes in circumstance.

[¶ 7] The district court's decision whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Regan v. Lervold*, 2014 ND 56, ¶ 15, 844 N.W.2d 576. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if this Court is convinced, on the basis of the entire record, that a mistake has been made. *Id.*

[¶ 8] The district court may modify primary residential responsibility more

than two years after entry of the prior order establishing primary residential responsibility if the court finds:

    a.  On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

    b.  The modification is necessary to serve the best interests of the child.

N.D.C.C. § 14–09–06.6(6). The moving party has the burden of proving a material change in circumstances and modification is necessary to serve the child's best interests. *Dunn v. Dunn*, 2009 ND 193, ¶ 8, 775 N.W.2d 486.

▆▆▆ [¶ 9] A material change in circumstances is "an important new fact that was not known at the time of the prior custody decree." *Lechler v. Lechler*, 2010 ND 158, ¶ 9, 786 N.W.2d 733 (quoting *Siewert v. Siewert*, 2008 ND 221, ¶ 17, 758 N.W.2d 691). We have rejected the argument that a material change in circumstances may be met only by evidence of a significant or important change that has a negative impact on the child's well-being. *Dunn*, 2009 ND 193, ¶ 9, 775 N.W.2d 486. "This Court encourages peaceful settlements of disputes in divorce matters, and the strong public policy favoring prompt and peaceful resolution of divorce disputes generates judicial favor of the adoption of a stipulated agreement of the parties." *Eberle v. Eberle*, 2009 ND 107, ¶ 15, 766 N.W.2d 477 (quoting *Knutson v. Knutson*, 2002 ND 29, ¶ 8, 639 N.W.2d 495). However, if the previous order establishing residential responsibility was based upon the parties' stipulation and not consideration of the evidence and court-made findings, the court must consider all relevant evidence in deciding whether to modify primary residential responsibility, including

pre-divorce conduct and activities the court was not aware of at the time of the prior order. *Hageman v. Hageman*, 2013 ND 29, ¶ 36, 827 N.W.2d 23; *Krueger v. Tran*, 2012 ND 227, ¶ 13, 822 N.W.2d 44.

[¶ 10] The district court considered the evidence presented and the parties' arguments and found Heather Haag did not prove a material change in circumstances:

Most of the evidence provided by Heather in her Motion to Modify and in her testimony at the hearing on the Motion focused on Michael's pre-divorce drug and alcohol usage and his abusive behavior towards her. While a conviction for cocaine possession is not admirable, it is the same behavior Michael engaged in prior to the divorce if Heather's testimony and affidavit are accurate. The boating under the influence arrest is again not admirable, but the evidence suggests that Heather could have prevented [the child] from seeing the arrest. Michael's consuming alcohol with [the child] present may be a violation of the terms of the Judgment and may constitute contempt of court, but Heather did not file a motion for contempt or an order to show cause. The fact that Michael has had a series of live-in girlfriends likely has some effect on [the child], but Heather did not present evidence as to what, if any, effect that may be. Heather described an incident in which one of Michael's girlfriends allegedly threatened to shoot [the child's] dog if [the child] did not go to bed. Michael testified that he had heard nothing of the incident until Heather described it at the hearing on the Motion. He testified that his guns are locked up and that the girlfriend would have no access to them. The Court finds it difficult to believe that neither Heather, [the child] nor the girlfriend would not have con-

fronted Michael about the incident had it actually occurred.

... In this case, the Court believes Michael was physically and emotionally abusive to Heather before the divorce. The Court believes Michael has serious issues with drugs and alcohol, which issues were known to the parties before the divorce. Heather makes several statements in her testimony and affidavit as to [the child] being exposed to controlled substances and paraphernalia but presented no testimony to support those statements. Michael admits to using alcohol in [the child's] presence but, again, that happened before the divorce as well as after the divorce.

The Court finds that Heather has not sustained her burden of proving a material change in circumstances and therefore DENIES the Motion to Revise the Judgment.

[¶ 11] The court found Michael Haag has serious problems with drugs and alcohol, and the evidence supports the court's finding. The prior judgment establishing primary residential responsibility requires Michael Haag not be under the influence of alcohol when the child is in his care. Evidence established Michael Haag was convicted of boating under the influence in July 2009. Heather Haag and Michael Haag both testified the child was on the boat when he was operating it while intoxicated. Heather Haag testified Michael Haag used drugs during the marriage, including methamphetamine and marijuana, and he had drugs and paraphernalia in the house and around the child. Evidence established Michael Haag was convicted of possession of cocaine and cocaine-related paraphernalia in 2014. The court also found Michael Haag physically and psychologically abused Heather Haag during the marriage, and evidence in the record supports the court's finding.

■ ■ [¶ 12] The district court found the drug and alcohol use and physical abuse did not constitute a material change in circumstances because the drug and alcohol use and abusive behavior were known to the parties before the divorce. This, however, is not the standard used to determine whether there is a material change in circumstances. The court may modify primary residential responsibility if it finds a material change in circumstances exists based on facts "which were *unknown to the court* at the time of the prior order." N.D.C.C. § 14–09–06.6(6) (emphasis added). This Court has held "[p]re-divorce conduct can be relevant in a custody matter when the divorce was stipulated and the trial court was unaware of the facts at the time of the stipulation." *Mock v. Mock*, 2004 ND 14, ¶ 13, 673 N.W.2d 635. The district court did not find it was aware of the drug and alcohol use or domestic abuse when it entered the prior order establishing primary residential responsibility; rather, the court found there was not a material change because the information was known to the parties at the time of the prior order. The court misapplied the law and failed to consider relevant pre-divorce conduct.

■ [¶ 13] The district court was not aware of Michael Haag's alcohol and drug use when it entered the prior order establishing residential responsibility. *Cf. Kourajian v. Kourajian*, 2008 ND 8, ¶ 11, 744 N.W.2d 274 (holding mother's alcoholism is not a material change in circumstances because it was known to the court at the time of the prior order). "A material change of circumstances can occur if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." *Krueger*, 2012 ND 227, ¶ 14, 822 N.W.2d 44 (quoting *Siewert*, 2008 ND 221, ¶ 17, 758 N.W.2d 691).

[¶ 14] The court also was not aware Michael Haag physically and emotionally abused Heather Haag during the marriage when it adopted the parties' stipulation and ordered equal residential responsibility. In deciding primary residential responsibility, evidence of domestic violence is one factor that must be considered and may create a rebuttable presumption against awarding primary residential responsibility to the perpetrator. *See* N.D.C.C. § 14–09–06.2(1)(j); *Mowan v. Berg*, 2015 ND 95, ¶¶ 7–8, 862 N.W.2d 523. Domestic violence includes "physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14–07.1–01(2). "If domestic violence exists under the definition in N.D.C.C. § 14–07.1–01 but does not rise to the level necessary to invoke the presumption contained in [N.D.C.C. § 14–09–06.2(1)(j)], there may nevertheless be a change of circumstances which may justify a change in [primary residential responsibility] under N.D.C.C. § 14–09–06.6." *Lechler*, 2010 ND 158, ¶ 17, 786 N.W.2d 733 (quoting *Niemann v. Niemann*, 2008 ND 54, ¶ 14, 746 N.W.2d 3). Michael Haag's history of physical and emotional abuse is an important new fact the court was not aware of when it entered the judgment establishing residential responsibility and should be taken into consideration in deciding whether to modify primary residential responsibility.

[¶ 15] The district court found Michael Haag has serious problems with drugs and alcohol and physically and emotionally abused Heather Haag. The evidence supports these findings. The court misapplied the law by determining there was not a material change in circumstances because the parties were aware of this information at the time of the divorce. We therefore conclude the district court's decision was induced by an erroneous view of the law and its finding that Heather Haag did not prove a material change in circumstances is clearly erroneous. We reverse the district court's decision and remand for consideration of the best interest factors, N.D.C.C. § 14–09–06.2(1), to determine whether a modification of primary residential responsibility is necessary to serve the child's best interests.

### III

[¶ 16] We reverse the district court's order denying Heather Haag's motion to modify primary residential responsibility and remand for further proceedings.

[¶ 17] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.