Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 30

Tina R. Valeu, Plaintiff and Appellant

v.

Ernest Strube, Defendant and Appellee

No. 20170247

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jackie M. Stebbins, Bismarck, N.D., for plaintiff and appellant.

Sherry Mills Moore (argued) and Stacy M. Moldenhauer, Bismarck, N.D., for defendant and appellee.

Valeu v. Strube

No. 20170247

Tufte, Justice.

[¶1] Tina Valeu appeals from a second amended judgment denying her motion to modify primary residential responsibility.  Valeu argues the district court erred by failing to make an original determination of primary residential responsibility or, alternatively, by failing to find a material change of circumstances exists.  We affirm, concluding the district court properly applied the law and its decision is not clearly erroneous.

I

[¶2] Valeu and Ernest Strube were married in 2009 and have one minor child together.  The parties divorced in 2013.  Before the divorce trial, the parties presented a stipulated parenting plan in which the parties agreed Strube would have primary residential responsibility for the child but they would have equal parenting time until the child started kindergarten in fall 2016, at which time Valeu’s parenting time would be reduced to every other weekend during the school year and extended parenting time in the summer.  The district court adopted the parties’ stipulation and incorporated it into the final judgment.

[¶3] In January 2016, Valeu moved to modify the judgment, requesting the court award her primary residential responsibility for the child.  She argued the court was required to make an original determination about primary residential responsibility because the parties agreed to a parenting plan in which they would exercise joint residential responsibility.  She also argued there were numerous material changes in the parties’ circumstances, including that Strube denied the child medical care, her health and well-being increased while the child’s condition declined, and the child resided with her significantly more days than he resided with Strube.

[¶4] The district court found Valeu established a prima facie case for modification of primary residential responsibility and granted an evidentiary hearing.  A parenting investigator was appointed, and the investigator filed a report.

[¶5] A three-day evidentiary hearing was held, and numerous witnesses testified.  Valeu argued that it is in the child’s best interests for her to have primary residential responsibility and that she proved a material change of circumstances, including that she is a victim of domestic violence from Strube, he continues to be verbally abusive to her, he berates her if she disagrees with him, and he refuses to respect her concerns and her parenting time.

[¶6] The district court denied Valeu’s motion.  The court found Strube had been emotionally abusive in the past but his behavior did not meet the statutory definition of domestic violence.  The court also found this was a “high conflict divorce” and the parties do not communicate ideally, but the parties’ behavior did not rise to the level of a material change.  The court found Valeu failed to meet her burden to prove there had been a material change of circumstances.  The court amended the terms of the parenting plan to clarify its terms and address the conflict between the parties.  A second amended judgment was entered.

II

[¶7] Valeu argues the district court erred by failing to make an original determination about which parent should be awarded primary residential responsibility.  She contends the court was not required to find there was a material change in circumstances to grant her motion, because the parties stipulated to the prior parenting plan and the court had never made a decision based on the child’s best interests.  She alternatively asserts the court erred by denying her motion, because there was a material change in circumstances and the best interest factors favored awarding her primary residential responsibility.

[¶8] The district court’s ultimate decision whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous.  
Haag v. Haag
, 2016 ND 34, ¶ 7, 875 N.W.2d 539.  A finding of fact is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if we are convinced, on the basis of the entire record, that a mistake has been made.  
Id.
  “Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a [residential responsibility] case or substitute our judgment for a district court’s . . . decision merely because we might have reached a different result.”  
Mowan v. Berg
, 2015 ND 95, ¶ 5, 862 N.W.2d 523 (quoting 
Wolt v. Wolt
, 2010 ND 26, ¶ 7, 778 N.W.2d 786).

[¶9] The district court may modify primary residential responsibility more than two years after entry of a prior order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child.

N.D.C.C. § 14-09-06.6(6).  The court must first decide whether there has been a material change of circumstances, and if the court finds there has been a material change, it must then decide whether modification is necessary to serve the child’s best interests.  
Vining v. Renton
, 2012 ND 86, ¶ 14, 816 N.W.2d 63.  The moving party has the burden to prove that a material change in circumstances exists and that modification is necessary to serve the child’s best interests.  
Haag
, 2016 ND 34, ¶ 8, 875 N.W.2d 539.

[¶10] The parties stipulated Strube would have primary residential responsibility of the child, and the district court adopted the stipulation and incorporated it in the judgment.  The 2013 judgment, incorporating the parties’ stipulation, was an order establishing primary residential responsibility.  We reject the argument that when a court enters an initial order based on stipulated facts, the first motion to modify triggers an automatic requirement that residential responsibility be determined on contested facts without regard to whether there has been a material change.  Under N.D.C.C. § 14-09-06.6(6), Valeu was required to prove both that a material change in circumstances had occurred since that order and that modification was necessary to serve the child’s best interests for the district court to grant her motion and modify primary residential responsibility.  The court did not err by requiring that Valeu prove a material change in circumstances.

[¶11] “A material change in circumstances is ‘an important new fact that was not known at the time of the prior custody decree.’”  
Haag
, 2016 ND 34, ¶ 9, 875 N.W.2d 539 (quoting 
Lechler v. Lechler
, 2010 ND 158, ¶ 9, 786 N.W.2d 733).  Whether an alleged change in circumstances is material depends on the circumstances of the case.  
Forster v. Flaagan
, 2016 ND 12, ¶ 11, 873 N.W.2d 904.  “[I]f the previous order establishing residential responsibility was based upon the parties’ stipulation and not consideration of the evidence and court-made findings, the court must consider all relevant evidence in deciding whether to modify primary residential responsibility, including pre-divorce conduct and activities the court was not aware of at the time of the prior order.”  
Haag
, at ¶ 9.

[¶12] The district court found Valeu did not meet her burden to prove a material change.  The court considered evidence about the parties’ pre-divorce conduct and said it did not make findings in the prior order about the parties’ mental health or how that would impact the determination of the best interest factors because the parties reached a stipulation on residential responsibility, but it was aware of those allegations at the time the parenting agreement was filed and it was aware of Valeu’s allegations that Strube perpetrated domestic violence.  The court made specific findings about one instance of emotional abuse that occurred in April 2011 before the divorce.  The court found Strube’s behavior during that incident did not meet the statutory definition of domestic violence or trigger the presumption under N.D.C.C. § 14-09-06.2(1)(j) because Valeu did not allege a resulting serious bodily injury or the use of a dangerous weapon, and no incident occurred within a time reasonably proximate to the current proceedings.  The court also found the parties have been arguing about each other’s mental health since the beginning of the divorce and that was not an issue that presented a material change in circumstances.  The court found the parties did not have equal parenting time and Valeu had the child for more nights than Strube did between May 2013 and January 2016, but it was not a material change in circumstances that would justify modifying residential responsibility.  The court also found the parties’ communication with each other was not ideal, but their behavior did not rise to the level of a material change.

[¶13] Valeu argues the court erred by failing to find a material change in circumstances.  She alleges there were numerous material changes, including that she had the child more than fifty percent of the time and that Strube committed domestic violence.

[¶14] An act of domestic violence may constitute a material change in circumstances.  
See O’Hara v. Schneider
, 2017 ND 53, ¶ 8, 890 N.W.2d 831 (stating an act of domestic violence committed after the initial order is always a material change in circumstances).  The best interest factors include a rebuttable presumption that a parent who has committed domestic violence may not be awarded residential responsibility for the child, stating:

If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. . . . As used in this subdivision, “domestic violence” means domestic violence as defined in section 14-07.1-01.

N.D.C.C. § 14-09-06.2(1)(j).  “Domestic violence” means “physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household member.”  N.D.C.C. § 14-07.1-01(2).  This Court has said, “If domestic violence exists under the definition in N.D.C.C. § 14-07.1-01 but does not rise to the level necessary to invoke the presumption contained in N.D.C.C. § 14-09-06.2(1)(j), there may nevertheless be a change of circumstances which may justify a change in [primary residential responsibility] under N.D.C.C. § 14-09-06.6.”  
Schumacker v. Schumacker
, 2011 ND 75, ¶ 14, 796 N.W.2d 636 (quoting 
Lechler
, 2010 ND 158, ¶ 17, 786 N.W.2d 733).

[¶15] Valeu argues she presented expert testimony that she was a victim of domestic violence.  She claims Strube is emotionally, verbally, and psychologically abusive; he is controlling; he disrespects her boundaries; and he is critical of her choices.  She alleges Strube continued to be controlling after the divorce, including changing arrangements for parenting time exchanges, planning vacations with the child during her parenting time, and challenging her on the child’s medical decisions.  Valeu claims Strube is emotionally or psychologically abusive, but she did not allege any physical abuse.  The district court found Strube was emotionally abusive during the marriage but concluded the emotional abuse Valeu suffered does not constitute “domestic violence” as defined by N.D.C.C. § 14-07.1-01(2).  
See Wolt v. Wolt
, 2010 ND 26, ¶ 33, 778 N.W.2d 786 (stating name calling is not included in the statutory definition of domestic violence); 
DesLauriers v. DesLauriers
, 2002 ND 66, ¶ 17, 642 N.W.2d 892 (stating mental anguish, other than fear, is not within the statutory definition of domestic violence).  The district court correctly applied the definition, evidence in the record supports the court’s findings, and we do not reweigh the evidence or make credibility determinations.  
See Mowan, 
2015 ND 95, ¶ 5, 862 N.W.2d 523.

[¶16] The court further considered Valeu’s argument Strube exhibited a pattern of abusive behavior that continued after the divorce, but found the timing of the incidents was not within a time reasonably proximate to the current proceedings.  The district court found this is a “high conflict divorce” and the parties’ communication with each other “is not ideal nor it is supportive of the respect each parent deserves,” but the parties’ behavior did not rise to the level of a material change.  The evidence supports the court’s findings.

[¶17] Valeu argues her mental health has improved and she is doing very well in life, while Strube’s behavior has negatively affected the child.  Improvements in the life of the parent seeking to modify residential responsibility alone do not constitute a material change in circumstances.  
Woods v. Ryan
, 2005 ND 92, ¶ 11, 696 N.W.2d 508.  The improvement in the parent’s life must be accompanied by a general decline in the child’s condition with the parent who has residential responsibility to constitute a material change in circumstances.  
Krueger v. Tran
, 2012 ND 227, ¶ 18, 822 N.W.2d 44.

[¶18] The district court found, “The parties have been arguing about the other’s mental health since the beginning of the divorce.  That is not a new or material change of circumstances.”  A material change is “an important new fact that was not known at the time of the prior custody decree.”  
Haag,
 2016 ND 34, ¶ 9, 875 N.W.2d 539 (quoting 
Lechler
, 2010 ND 158, ¶ 9, 786 N.W.2d 733).  The court found it was aware of the parties’ allegations about mental health before the prior order.  Valeu does not cite any specific evidence in the record supporting her claim that the child’s condition has declined or that Strube’s behavior has negatively affected the child.  
Cf. Krueger
, 2012 ND 227, ¶¶ 19-22, 822 N.W.2d 44 (evidence in the record supported district court’s finding of a general decline in the child’s condition).

[¶19] Valeu also argues the child resided with her more than fifty percent of the time.  Valeu claims she had the child for 39 more days than Strube had the child in 2013, 23 more days in 2014, and 15 more days in 2015.  “A significant change in the actual arrangement for primary residential responsibility from the arrangement contemplated by the prior order” may be a material change in circumstances.  
Thompson v. Thompson
, 2012 ND 15, ¶ 6, 809 N.W.2d 331; 
see also Boumont v. Boumont
, 2005 ND 20, ¶ 17, 691 N.W.2d 278 (stating a custodial arrangement that is substantially different than contemplated in the divorce decree may be a material change in circumstances).  A minor variance from the prior order is insufficient to establish a material change.  
Ehli v. Joyce
, 2010 ND 199, ¶ 10, 789 N.W.2d 560.  The district court found the difference in parenting time did not constitute a material change that would justify modifying primary residential responsibility.  Evidence supports the court’s finding.

[¶20] Evidence supports the court’s findings that Valeu failed to prove a material change of circumstances justifying a modification of primary residential responsibility, and we conclude its decision is not clearly erroneous.  Because Valeu failed to establish a material change of circumstances, the district court was not required to consider the best interest factors and determine whether modification was in the child’s best interests.  We affirm the district court’s decision denying Valeu’s motion.

III

[¶21] We affirm the second amended judgment.

[¶22] Jerod E. Tufte

Jon J. Jensen

Daniel J. Crothers

William A. Neumann, S.J.

Lisa Fair McEvers, A.C.

[¶23] The Honorable William A. Neumann, Surrogate Judge, sitting in place of VandeWalle, C.J., disqualified.