2015 ND 95

**Darin Jeffrey MOWAN, Plaintiff and Appellee**

v.

**Brittney Ann BERG, Defendant and Appellant.**

No. 20140201.

Supreme Court of North Dakota.

April 28, 2015.

525

Bonnie Paradis Humphrey (argued), Minot, ND, and Melissa Elizabeth Leathers (on brief), Fort Collins, CO, for plaintiff and appellee.

Kyle Richard Craig, Minot, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Brittney Ann Berg appeals from a district court judgment awarding primary residential responsibility of the parties' minor child to Darin Jeffrey Mowan.  Berg argues the district court erred by failing to make specific and detailed findings regarding incidences of domestic violence and by

ignoring significant uncontested evidence favoring one party. Mowan argues the district court did not err because no credible evidence of domestic violence rising to the level requiring a rebuttable presumption existed and because the best interests of the child factors favor Mowan. We reverse the district court's findings under factor (j). We affirm the district court's findings under factor (b). We reverse the district court's judgment and remand for further proceedings.

I

[¶ 2]   Berg and Mowan, who never married, have a child born in 2012. Mowan resides in Minot, North Dakota. In May 2013, Berg moved from Minot to Illinois and then relocated to Iowa in December 2013, taking the child with her. In September 2013, Mowan sought primary residential responsibility of the child.

[¶ 3]   At trial, both parties tried to enter evidence of a domestic violence incident. In September 2010, an incident occurred between the two for which both Berg and Mowan were charged with simple assault domestic violence, class B misdemeanors. The charges against Mowan were dismissed, but Berg pled guilty to simple assault domestic violence. Discussion of this incident was objected to and sustained by the district court. The court explained:

> "[E]vidence of domestic violence is pertinent if the Court finds credible evidence that the violence has occurred; and if there is one incident which results have been serious bodily injury; which would mean that it was not a B misdemeanor; it would be an A misdemeanor or above.
>
> "Or there was a pattern of violence within a reasonable time approximate [sic] to the proceedings way back in 2011, that's three years ago. We're not approximate [sic] to the proceeding. So

I'm not sure how this has a whole lot of bearing here."

Later attempts to enter testimony regarding this incident also were objected to and sustained. Berg also testified about many other incidents regarding Mowan's behavior.

[¶ 4]   In weighing factor (j), evidence of domestic violence, the district court explained:

> "There was evidence of domestic violence, however, it apparently occurred in 2010, two years before the child was even born. For the Court to consider a charge of domestic violence in this setting, there must be evidence of serious bodily injury, the use of a weapon, or a pattern of abuse reasonably proximate in time to this proceeding. Since the matters appear to have been misdemeanors, the Court can assume the incidents did not involve serious bodily injury, or the use of a weapon. In that event the charges would no doubt have risen to a felony level. Further, one incident does not create a pattern of abuse. Finally, the incident is not proximate in time to these proceedings, occurring approximately three to four years ago. Although there may be evidence of domestic violence, the Court will not consider it relevant. This factor has no bearing on the outcome of this case."

The district court found, "After reviewing all of the statutory factors, the Court finds that nine factors favor neither party, or have no application to the case (factors a, c, f, g, h, I, j, l, and m). Four factors favor Darin Mowan (factors b, d, e, and k). No factors weigh in Brittney Berg's favor." The court awarded Mowan primary residential responsibility of the child.

II

[¶ 5]   "An award of [primary residential responsibility] is a finding of

fact which this Court will not disturb unless it is clearly erroneous." *McAllister v. McAllister*, 2010 ND 40, ¶ 13, 779 N.W.2d 652 (citations omitted). "Under N.D.R.Civ.P. 52(a), a finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *McAllister*, at ¶ 13 (citations omitted). "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial [primary residential responsibility] decision merely because we might have reached a different result." *Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786 (citations and quotation marks omitted).

### III

[¶ 6] Berg argues the district court erred by failing to make specific and detailed findings regarding incidents of domestic violence. Mowan argues the district court did not err by determining credible evidence of domestic violence rising to the level requiring a rebuttable presumption in determining residential responsibility did not exist. Berg argues, even if the district court did not find a pattern of domestic violence requiring explanation of the rebuttable presumption, the court failed to address domestic violence as a factor in deciding primary residential responsibility.

[¶ 7] Under N.D.C.C. § 14-09-06.2(1)(j), domestic violence is explained within the best interests of the child factors:

> "In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence.... The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, 'domestic violence' means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1."

"Domestic violence" under N.D.C.C. § 14-07.1-01(2), "includes physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction or fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members."

[¶ 8] "Even if the evidence of domestic violence does not trigger the statutory presumption under N.D.C.C. § 14-09-06.2(1)(j), the violence must still be considered as one of the factors in deciding primary residential responsibility." *Law v. Whittet*, 2014 ND 69, ¶ 17, 844 N.W.2d

885. When competent evidence of domestic violence exists, a two-step analysis is required. "When credible evidence of domestic violence exists, it 'dominates the hierarchy of factors to be considered' when determining the best interests of the child under N.D.C.C. § 14–09–06.2." *Datz v. Dosch*, 2013 ND 148, ¶ 18, 836 N.W.2d 598 (quoting *Wessman v. Wessman*, 2008 ND 62, ¶ 13, 747 N.W.2d 85).

[¶ 9] "When a district court addresses whether evidence of domestic violence triggers the presumption under that statute, we require specific findings and conclusions regarding the presumption so we are not left guessing as to the court's rationale regarding the application of the presumption." *Gietzen v. Gabel*, 2006 ND 153, ¶ 9, 718 N.W.2d 552. "A trial court cannot simply ignore evidence of family abuse, but must make specific findings on evidence of domestic violence in making its decision on primary residential responsibility." *Law*, 2014 ND 69, ¶ 17, 844 N.W.2d 885 (citing *Helbling v. Helbling*, 532 N.W.2d 650, 653 (N.D.1995)). "The district court's findings should be sufficiently detailed to allow this Court to understand the basis for its decision." *Boeckel v. Boeckel*, 2010 ND 130, ¶ 16, 785 N.W.2d 213.

[¶ 10] The district court specifically found the incident in 2010 "did not involve serious bodily injury, or the use of a weapon ... [and] the incident is not proximate in time to these proceedings, occurring approximately three to four years ago." Berg argued that beyond the 2010 incident, she was "subjected to a pattern of bullying, controlling, and physical force." Berg stated the parties relationship included "a lot of name calling, belittling, bullying, controlling, [and] physical contact." This Court has explained, "[N]ame calling is not included in the definition of domestic violence." *Wolt*, 2010

ND 26, ¶ 33, 778 N.W.2d 786 (citing N.D.C.C. §§ 14–09–06.2(1)(j) & 14–07.1–01(2)). However, Berg also testified to incidents when Mowan would grab a gun during heated arguments and make threatening sounds with it, and when he would grab a knife in a threatening manner and make threats of self-harm in response to her wanting to leave. She testified the child was near during these incidents. Berg stated, throughout their relationship, she often called Mowan's family members to come over and "calm him down." Berg stated she left home because of these types of incidents. If Berg moved out due to incidents of domestic violence, it is error to use the move as a reason not to award Berg primary residential responsibility. *See Heck v. Reed*, 529 N.W.2d 155, 162 n. 5 (N.D.1995) (stating factor (j) makes it impermissible to deny a parent custody because "the abused parent suffers from the effects of the abuse" and it is clear error to weigh unstable living arrangements destabilized by a partner's committing domestic violence). Berg also testified Mowan behaves aggressively during exchanges in front of the child. The medical records, referring to multiple incidents, indicate the risk for further maltreatment is "moderate given the numerous incidents that have reportedly occurred with this couple, the level of anger, the physical nature of the incidents ... and there being physical injury as a result of the domestic incidents."

[¶ 11] The district court found that "one incident does not create a pattern of abuse." We have explained, "Although the incident may not be sufficient, standing alone, to trigger the statutory presumption under factor (j), the domestic violence still must be considered as one of the best interest factors." *Law*, 2014 ND 69, ¶ 21, 844 N.W.2d 885. Berg's testimony and medical records indicate multiple occasions where such behavior occurred, including

times when the child was nearby, indicating recent incidents.

[¶ 12] The district court found, "Although there may be evidence of domestic violence, the Court will not consider it relevant. This factor has no bearing on the outcome of this case." The district court provided no further explanation of the "evidence of domestic violence" that it was referring to, nor did it address Berg's testimony regarding Mowan's behavior and whether the behavior qualified as domestic violence under N.D.C.C. § 14–07.1–01(2). We have emphasized that "[w]hen credible evidence of domestic violence exists, it 'dominates the hierarchy of factors to be considered' when determining the best interests of the child under N.D.C.C. § 14–09–06.2." *Datz*, 2013 ND 148, ¶ 18, 836 N.W.2d 598 (quoting *Wessman*, 2008 ND 62, ¶ 13, 747 N.W.2d 85). Competent evidence of domestic violence not only is relevant to determining the best interests of the child but also bears greatly on the outcome of the award of primary residential responsibility.

[¶ 13] The district court's findings focus on one incident when the record indicates several incidents occurred. The district court failed to consider domestic violence as one of the factors in deciding primary residential responsibility. *See Law*, 2014 ND 69, ¶ 17, 844 N.W.2d 885 ("Even if the evidence of domestic violence does not trigger the statutory presumption under N.D.C.C. § 14–09–06.2(1)(j), the violence must still be considered as one of the factors in deciding primary residential responsibility."). We reverse for further findings on whether the presumption applies. If the presumption does not apply, the district court must make findings considering domestic violence when awarding primary residential responsibility.

## IV

[¶ 14] Berg argues the district court erred by ignoring significant uncontested evidence favoring one party under factor (b). Mowan argues the district court did not err in determining factor (b) favored Mowan. "The district court must award primary residential responsibility to the party who will best promote the child's best interests and welfare. The district court must consider the best interests of the child in determining primary residential responsibility, and must consider all of the relevant best interest factors under N.D.C.C. § 14–09–06.2." *Law*, 2014 ND 69, ¶ 9, 844 N.W.2d 885 (internal citations omitted). "Although the district court is neither required to make a separate finding on each best interest factor nor to address each minute detail presented in the evidence, the court may not wholly ignore and fail to acknowledge or explain significant evidence clearly favoring one party." *Id.* at ¶ 10.

[¶ 15] The best interest of the child factors consider "[t]he ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment." N.D.C.C. § 14–09–06.2(1)(b). In analyzing factor (b), the district court found:

"At present, Darin Mowan is in a better position to provide for TM's physical needs. He has stable employment with EOG, an energy company in western North Dakota. He earns approximately $22 per hour, has health insurance, dental insurance, and vision insurance provided through his employment. He owns a home in which TM would have his own room.

"By contrast, since her separation from the Air Force, Brittney Berg has lived first with her mother in Illinois, and now resides with a man she describes as her fiancé in Iowa. She does

not own the home in Iowa where she resides, but apparently lives there at the pleasure of her fiancé. She is presently enrolled in school, seeking a certification as a dental hygienist. She is slated to graduate in the spring of 2014, and hopes to find a job immediately thereafter.

"At least for the present, Darin Mowan is better situated for providing for TM's physical needs. This factor favors Darin Mowan."

[¶ 16] Berg argues the district court concentrated on Mowan's stable employment and failed to consider an incident where he failed to provide proper medical care for the child. Berg testified that the child appeared to have an eye infection when he was in the care of Mowan and that Mowan failed to take the child to the doctor. Berg stated that when she took the child to the doctor, the infection had spread and the child had developed an upper respiratory infection. Mowan testified the child had an eye infection when in his care, but on the advice of his family he did not take the child to the doctor because he felt it was unnecessary. Mowan testified he was concerned about the child's care while in Berg's custody because the smell of smoke on the child's clothing and the lack of proper winter attire when the child was returned to Mowan. The district court made no findings regarding these specific incidents.

[¶ 17] The district court heard testimony from each parent regarding the child's care. "We give great deference to the court's observation and assessment of witnesses' credibility." *Dronen v. Dronen*, 2009 ND 70, ¶ 11, 764 N.W.2d 675. "A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult child custody decision involving two fit par-

ents." *Id.* at ¶ 7 (citation omitted). "[T]he district court's choice for custody between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its determination is supported by the evidence. The complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous." *Koble v. Koble*, 2008 ND 11, ¶ 6, 743 N.W.2d 797 (citation and quotation marks omitted). The district court concentrated on the parties' ability to provide for the child's physical needs. Berg failed to demonstrate this finding is clearly erroneous. Moreover, the court found, "After reviewing all of the statutory factors, the Court finds that nine factors favor neither party, or have no application to the case (factors a, c, f, g, h, I, j, l, and m). Four factors favor Darin Mowan (factors b, d, e, and k). No factors weigh in Brittney Berg's favor."

[¶ 18] The district court's findings are a recitation of facts, placed in context or correlated to factor (b), and include an explanation of how the statutory factor applies in this case. *See Datz*, 2013 ND 148, ¶ 12, 836 N.W.2d 598. The district court did not err in determining factor (b) favored Mowan.

## V

[¶ 19] The district court failed to provide specific findings regarding the allegations of Mowan's behavior and whether the behavior qualified as domestic violence under N.D.C.C. § 14–07.1–01(2). The district court failed to consider domestic violence, beyond the presumption, as one of the factors in deciding primary residential responsibility. A remand for further findings under factor (j) is necessary. The district court did not err in finding factor (b) favored Mowan.

[¶ 20] We reverse the district court's findings under factor (j). We affirm the

district court's findings under factor (b). We reverse the district court's judgment and remand for further proceedings.

[¶ 21]   LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result.

SANDSTROM, Justice, dissenting.

[¶ 22]   Because I believe an objective view of the evidence results in affirming the district court, I respectfully dissent.

[¶ 23]   Brittney Berg overreaches on the law and on the facts. She summarized her claims of domestic violence: "The district court heard testimony that Brittney was subjected to a pattern of bullying, controlling, and physical force." But that does not meet the statutory definition of domestic violence as "physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14–07.1–01(2). She asserts Darin Mowan threatened to harm himself, but the record reflects she never testified she was in fear that he would actually do so, and her testimony reflects she did not take the threats seriously. She asserts in her brief that she left the home because of threats, but her testimony reflects she testified that she left because he called her names. Her brief asserts she called the police "because she feared for her safety," but the transcript reflects that was not her testimony.

[¶ 24]   The record establishes there was domestic violence by Brittney Berg, as shown by the criminal conviction following her guilty plea to "simple assault-domestic." She may not collaterally attack that conviction. *See Holkesvig v. Welte,* 2012 ND 142, ¶ 5, 818 N.W.2d 760; *Holkesvig v. Welte,* 2012 ND 236, ¶ 1, 823 N.W.2d 786. Nor do I believe she can complain that the court did not treat the conviction as relevant in ruling against her.

[¶ 25]   DALE V. SANDSTROM, J., dissents.