**Filed 2/12/20 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 36

Royce Don Carlson,                                                    Plaintiff and Appellee

  v.

Jill Marie Carlson,                                                  Defendant and Appellant

## No. 20190187

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

REMANDED.

Opinion of the Court by VandeWalle, Justice.

James D. Sandsmark, Fargo, ND, for plaintiff and appellee; submitted on brief.

Ashley C. Halvorson, Fargo, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Jill Carlson appealed from a district court judgment awarding Royce Carlson primary residential responsibility and decision-making authority over daycare/afterschool provider decisions and non-emergency medical decisions of the parties' minor children. We remand for further findings.

I

[¶2]   Royce Carlson and Jill Carlson were married in September 2015. Royce Carlson is the biological father of the parties' minor children, J.R.C. and C.R.C. Jill Carlson adopted the children in 2017 when they were approximately four and five years old. In February 2018, Royce Carlson commenced this divorce action.

[¶3]   In February 2019, a two-day trial was held. At trial, Jill Carlson, Jill Carlson's mother, and Royce Carlson all testified to an incident in which Royce Carlson shot a gun into the air during a squabble between Jill Carlson and J.R.C. Although certain aspects of the testimony were conflicting, Royce Carlson admitted that he shot a gun into the air during the squabble. Jill Carlson also testified that Royce Carlson regularly used corporal punishment to discipline the children. Witnesses called by both parties offered conflicting testimony on Royce Carlson's use of corporal punishment to discipline the children.

[¶4]   The district court issued findings of fact and conclusions of law and entered judgment. The district court found best-interest factors a, d, and h favored Royce Carlson, and factors b, c, e, f, g, k, and l favored neither party. The district court did not consider any other factors under factor m. Under factor j the district court found, "There is no credible evidence of domestic violence in this matter." The court divided the parties' assets and debts, and awarded Royce Carlson primary residential responsibility and decisionmaking authority over daycare/afterschool provider decisions and decisionmaking authority over non-emergency medical decisions after consulting Jill Carlson.

[¶5]   Jill Carlson argues the district court's findings on best interest factors a, b, d, e, f, h, j, k, and l under N.D.C.C. § 14-09-06.2 were clearly erroneous.

[¶6]   "We exercise a limited review of primary residential responsibility decisions." *Zuo v. Wang*, 2019 ND 211, ¶ 11, 932 N.W.2d 360 (citing *Grasser v. Grasser*, 2018 ND 85, ¶ 17, 909 N.W.2d 99). "A district court's decision on primary residential responsibility is a finding of fact and will not be overturned on appeal unless clearly erroneous." *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made." *Id.* "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial [primary residential responsibility] decision merely because we might have reached a different result." *Mowan v. Berg*, 2015 ND 95, ¶ 5, 862 N.W.2d 523 (quoting *Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786).

[¶7]   Under N.D.C.C. § 14-09-06.2(1)(j):

> In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, residential responsibility for a child may be awarded to a suitable third

person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards residential responsibility to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

"'Domestic violence' includes physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14-07.1-01(2).

[¶8] "When credible evidence of domestic violence exists, it 'dominates the hierarchy of factors to be considered' when determining the best interests of the child under N.D.C.C. § 14-09-06.2." *Mowan*, 2015 ND 95, ¶ 8, 862 N.W.2d 523 (quoting *Datz v. Dosch*, 2013 ND 148, ¶ 18, 836 N.W.2d 598); *see Gagnon v. Gagnon*, 2017 ND 67, ¶ 7, 891 N.W.2d 742. "Even if the evidence of domestic violence does not trigger the statutory presumption under N.D.C.C. § 14-09-06.2(1)(j), the violence must still be considered as one of the factors in deciding primary residential responsibility." *Mowan,* at ¶ 8 (quoting *Law v. Whittet*, 2014 ND 69, ¶ 17, 844 N.W.2d 885).

[¶9] "When a district court addresses whether evidence of domestic violence triggers the presumption under that statute, we require specific findings and conclusions regarding the presumption so we are not left guessing as to the court's rationale regarding the application of the presumption." *Mowan*, at ¶ 9 (quoting *Gietzen v. Gabel*, 2006 ND 153, ¶ 9, 718 N.W.2d 552). "A trial court cannot simply ignore evidence of family abuse, but must make specific findings on evidence of domestic violence in making its decision on primary residential responsibility." *Id.* (quoting *Law*, 2014 ND 69, ¶ 17, 844 N.W.2d 885). "The district court's findings should be sufficiently detailed to allow this Court to

3

understand the basis for its decision." *Id.* (quoting *Boeckel v. Boeckel*, 2010 ND 130, ¶ 16, 785 N.W.2d 213).

[¶10] The record in this case includes evidence implicating the presence of domestic violence. The incident in which Royce Carlson shot a gun into the air during the squabble between Jill Carlson and J.R.C. and the testimony that Royce Carlson repeatedly used corporal punishment as a form of discipline is evidence that domestic violence may exist. The use of corporal punishment, however, does not alone establish evidence of domestic violence, but may be considered as evidence of domestic violence if excessive or unreasonable, or if it gives rise to the presumption under factor j. *See* N.D.C.C. § 12.1-05-05(1); *Lechler v. Lechler*, 2010 ND 158, ¶ 19, 786 N.W.2d 733; *Dinius v. Dinius*, 1997 ND 115, ¶¶ 15-16, 564 N.W.2d 300; *see also Simons v. Dep't of Human Servs.*, 2011 ND 190, ¶¶ 11, 18, 803 N.W.2d 587 (stating parent's use of force as punishment does not provide the basis for finding a child is an abused child). Despite the testimony offered at trial, the district court found: "There is no credible evidence of domestic violence in this matter." The district court did not explain why domestic violence was not one of the factors it considered in deciding primary residential responsibility when there was credible evidence in the record that domestic violence may exist. *See Law*, 2014 ND 69, ¶ 17, 844 N.W.2d 885.

[¶11] We remand for further findings on whether a presumption of domestic violence applies. If the presumption does not apply, the district court must explain why evidence of domestic violence does not change its award of primary residential responsibility. In light of this opinion, the district court must also determine on remand whether its findings on factor j affect its findings on the other best interest factors and its decision awarding Royce Carlson primary residential responsibility and decisionmaking authority.

[¶12] Because we remand for further findings, Jill Carlson's remaining arguments are unnecessary to our decision.

## III

[¶13] We remand while retaining jurisdiction under N.D.R.App.P. 35(a)(3) with instructions that the district court make specific findings.

[¶14] Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.