# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 69

Dwayne Vormestrand,

Plaintiff and Appellee

v.

Khilyn Craig,

Defendant and Appellant

and

State of North Dakota,

Statutory Real Party in Interest

### No. 20250278

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Fair McEvers, Chief Justice.

Travis D. Iversen, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Christopher E. Rausch, Bismarck, ND, for defendant and appellant.

**Fair McEvers, Chief Justice.**

[¶1]   Khilyn Craig appeals from an amended judgment and an order denying her motion for a new trial or, alternatively, reconsideration. We affirm the amended judgment and the order.

I

[¶2]   In 2022, Khilyn Craig and Dwayne Vormestrand stipulated to equal residential responsibility and parenting time for their minor child, K.J.V. The district court adopted their stipulation and entered judgment awarding equal residential responsibility. The judgment included an automatic modification provision, which stated:

> When the child reaches school age (roughly the Summer of 2024), Khilyn will have primary residential responsibility and she may also relocate out of North Dakota. Equal residential responsibility will continue until relocation and Dwayne will have the extended parenting time during the summer if Khilyn relocates at the beginning of summer.

[¶3]   The parties had a history of not adhering to the parenting time provisions provided in the judgment. Following a hearing on Craig's motion for an order to show cause, the district court entered an order dated December 14, 2023, admonishing the parties to follow the terms of the order or be subject to a charge for contempt of court. In March 2024, Craig moved to enforce the judgment's automatic modification provision upon her relocation, to modify parenting time upon relocation, to modify travel provisions associated with parenting time, and to modify child support. Vormestrand moved to modify the judgment, seeking primary residential responsibility. In April 2024, Craig moved to relocate with the minor child and to modify residential responsibility, also seeking primary residential responsibility. Craig relocated to Texas in July 2024. The court had not yet ruled on her motion to enforce the automatic modification provision or her motions to modify residential responsibility and to relocate. Craig's attorney withdrew from representation in August 2024.

[¶4]   The district court held a hearing on December 18, 2024, to address the numerous motions. Craig was self-represented. Multiple witnesses testified including both parties, Vormestrand's domestic partner, and Vormestrand's friend. The district court entered an amended judgment on June 9, 2025, awarding Vormestrand primary residential responsibility. Craig filed a motion for a new trial or, alternatively, for reconsideration. After a hearing in July 2025, the court denied Craig's motion. Craig timely appealed.

II

[¶5]   Craig challenges the district court's denial of a new trial, alleging the court abused its discretion denying the motion based on irregularities in the proceedings, accident or surprise, insufficient evidence, and a decision against the law.

[¶6]   "We review the district court's decision on a new trial motion under the abuse of discretion standard." *Zander v. Morsette*, 2024 ND 80, ¶ 7, 6 N.W.3d 623. "A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies or misinterprets the law." *Rentz v. BNSF Ry. Co.*, 2020 ND 254, ¶ 12, 952 N.W.2d 47. "An abuse of discretion is never assumed; the burden is upon the party seeking relief to affirmatively establish it." *Grinaker v. Grinaker*, 553 N.W.2d 204, 207 (N.D. 1996).

[¶7]   Craig's arguments on appeal are based on her motion for a new trial under N.D.R.Civ.P. 59(b). Under the rule, a district court may vacate its former decision and grant a new trial on the following grounds, in pertinent part:

> (1) irregularity in the proceedings of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial;
> . . .
> (3) accident or surprise that ordinary prudence could not have guarded against;
> . . .
> (6) insufficient evidence to justify the verdict or other decision, or that the verdict is against the law[.]

2

N.D.R.Civ.P. 59(b).

A

[¶8]   Craig asserts the district court's findings on the best-interests factors are against the law and there is insufficient evidence to support the court's finding awarding Vormestrand primary residential responsibility. Craig most heavily challenges the findings on best-interests factor (j), characterizing the determination on that factor as "so legally erroneous that it alone justifies a new trial." Craig relies on N.D.R.Civ.P. 59(b)(6) to argue there is insufficient evidence to justify the district court's decision and the decision is against the law.

[¶9]   This Court has addressed a new trial motion based on insufficient evidence in a divorce action, stating:

> A motion for a new trial under N.D.R.Civ.P. 59(b)(6) based on a claim of insufficient evidence is addressed to the sound discretion of the district court. A district court's discretionary authority to decide a motion for a new trial is different from this Court's authority on review, which is limited to whether the district court abused its discretion. A district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when its decision is not the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasonable determination, or when it misinterprets or misapplies the law.

*Wanttaja v. Wanttaja*, 2016 ND 14, ¶ 11, 873 N.W.2d 911 (quoting *Travelers Cas. Ins. Co. v. Williams Co. Constr.*, 2014 ND 160, ¶ 22, 851 N.W.2d 164); *see also Rummel v. Rummel*, 234 N.W.2d 848, 852-53 (N.D. 1975) (discussing insufficiency of the evidence being a proper cause for a new trial under N.D.R.Civ.P. 59(b)(6)). This case was tried to the court rather than a jury, and we review the evidence in the light most favorable to the trial court's findings of fact. *Korynta v. Korynta*, 2006 ND 17, ¶ 7, 708 N.W.2d 895. We review the trial court's decision under the abuse of discretion standard to determine whether the court acted in an arbitrary, unreasonable, or unconscionable manner, if its decision was not the product of a rational mental process leading to a reasoned determination, or if it misinterpreted or applied the law. *Id*.

3

[¶10] A district court is required to award primary residential responsibility to the parent who will better promote the child's best interests. *Dieterle v. Dieterle*, 2013 ND 71, ¶ 6, 830 N.W.2d 571. While the court has broad discretion in deciding residential responsibility, it must consider the best-interests factors under N.D.C.C. § 14-09-06.2(1). *Norberg v. Norberg*, 2014 ND 90, ¶ 10, 845 N.W.2d 348.

[¶11] Factor (j) reads as follows:

> Evidence of domestic violence. In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, residential responsibility for a child may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards residential responsibility to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

N.D.C.C. § 14-09-06.2(1)(j).

4

[¶12] Craig testified at the December 2024 hearing that there were multiple occasions where she was emotionally and verbally abused during the first year she lived in North Dakota; however, she testified to no specific instance of such conduct and did not mention any occurrence of physical harm or being in fear of physical harm. The district court's memorandum opinion made the following findings on factor (j):

> Many allegations were made by Khilyn of incidents of alleged domestic violence. She referenced police reports as well as singled out various incidences she claimed occurred. However, the Court was not presented with any solid evidence that any of these incidents occurred, other than the testimony of Khilyn, the credibility of which the Court questions. Further, none of these incidences were of the type or severity described within this subsection. As a result, this factor favors neither party.

[¶13] Craig argues that the district court's comments at the hearing on her motion for a new trial show the district court misunderstood and misapplied factor (j). During the hearing, Craig testified about an incident where she alleged Vormestrand pushed her away from her vehicle and threw her keys away from the vehicle. She also testified that Vormestrand attempted to push her out of a moving vehicle and that he interrupted a potential 911 call. When she offered police reports into evidence, Vormestrand objected for lack of foundation, even if they were not offered for the truth of the matter asserted. In responding to Craig's attorney, the court discussed the application of best-interests factor (j) when presented with evidence of domestic violence:

> [I]n order for it to be a factor that I consider, it has to be evidence of domestic violence – credible evidence that domestic violence has occurred, and there exists one [incident] of domestic violence which resulted in serious bodily injury . . . involved the use of a dangerous weapon, or a pattern of domestic violence within a reasonable time proximate to the proceeding.

After additional argument by Craig's attorney, the court admitted the evidence requested for purposes of the motion for a new trial.

5

[¶14] Regardless of the district court's comments at the hearing, its order denying Craig's motion for a new trial stated:

> At the hearing on the underlying motion, Khilyn appeared to referenced [sic] a plethora of evidence that was not presented to the Court during the hearing on the motion to modify primary residential responsibility. Khilyn has not presented any new evidence to the Court in the most recent pleadings that either wasn't already argued at the hearing in December or that could have been offered at the evidentiary hearing on December 18, 2024.
>
> Khilyn now presumably sees the defects of her case following the Court's Memorandum Opinion, and decided to remedy her filings by offering more evidence in a Rule 59(b) motion.
>
> This Court is satisfied that its previous findings and conclusions are supported by the record that the parties created. The Court considered all of the best interest factors, but ultimately gave more weight to some factors. Khilyn's consistent pattern of withholding the minor child from parenting time with Dwayne played a significant role in the weighing of some of the factors. Therefore, the Court does not find that grounds exist for the granting of a new trial.

[¶15] The district court appears to have misinterpreted N.D.C.C. § 14-09-06.2(1)(j) when it implied domestic violence must rise to a certain level before it may be considered. Factor (j) provides a rebuttable presumption against awarding primary residential responsibility to the parent committing domestic violence, triggered upon a showing of one incident of domestic violence resulting in bodily injury, one incident of domestic violence involving use of a dangerous weapon, or a pattern of domestic violence within a reasonable time proximate to the proceeding. *Topolski v. Topolski*, 2014 ND 68, ¶ 16, 844 N.W.2d 875; N.D.C.C. § 14-09-06.2(1)(j). Evidence of domestic violence insufficient to trigger the rebuttable presumption is nonetheless relevant, "must still be considered as one of the factors in deciding primary residential responsibility, and when credible evidence of domestic violence exists[,] it dominates the hierarchy of factors to be considered when determining the best interests of the child." *Law v. Whittet*, 2014 ND 69, ¶ 17, 844 N.W.2d 885 (cleaned up). The court's misunderstanding of the statute under other circumstances may have resulted in a misapplication of the law.

6

[¶16] Under N.D.R.Civ.P. 61, "[u]nless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Despite the district court's erroneous interpretation of section 14-09-06.2(1)(j), N.D.C.C., the error is harmless because the court did not find credible evidence of domestic violence from the evidence presented at the December 2024 hearing. This finding, or lack of a finding, is supported by the record. The only domestic violence allegations the court heard in the original proceeding were references in Craig's questions during Vormestrand's direct examination. These questions do not constitute evidence as Craig was not sworn or under oath as a witness. *See* N.D.R.Ev. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience."); *Zuraff v. Reiger*, 2018 ND 143, ¶ 23, 911 N.W.2d 887 ("An oath is only effective if a witness may be subject to prosecution for perjury upon making a knowingly false statement."). Craig's testimony at the December 2024 hearing alleging emotional or verbal abuse did not allege any harm or fear of harm to her. Further, evidence of domestic violence must be *credible* for consideration under factor (j), and the court found Craig's credibility questionable. *See Carlson v. Carlson*, 2020 ND 36, ¶ 10, 938 N.W.2d 413 ("The district court did not explain why domestic violence was not one of the factors it considered in deciding primary residential responsibility when there *was credible* evidence in the record that domestic violence may exist." (emphasis added)). While some evidence of domestic violence may have been before the court, we do not weigh whether that evidence was credible. *Grasser v. Grasser*, 2018 ND 85, ¶ 23, 909 N.W.2d 99.

[¶17] In its order denying a new trial, the district court found Craig had not presented any new evidence that was not already argued or could have been argued at the December 2024 hearing. Because the court did not find Craig presented credible evidence of domestic violence, the court did not err in concluding that factor (j) favored neither party and did not abuse its discretion denying the motion for a new trial based on this argument.

[¶18] Craig challenges the district court's findings on best-interests factor (e). Craig argues the court abused its discretion as its finding regarding factor (e) is based on an incorrect understanding of the record, failed to address her motion for declaratory relief, and blatantly ignored evidence negative to Vormestrand.

[¶19] Best-interests factor (e) of section 14-09-06.2(1), N.D.C.C., directs a court to consider, when applicable, "[t]he willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child." In its order determining parental responsibility, the district court found:

> In spite of the Court's Order on Motion on Order to Show Cause requiring the parties to continue to follow the shared parenting arrangement set forth in the Judgment; the motion by Khilyn asking the Court to enforce the Judgment granting her primary residential responsibility; Dwayne's motion to modify the Judgment to grant him primary residential responsibility; Dwayne's motion for declaratory relief from paragraph 3 of the Judgment; and Khilyn's acknowledgment that the enforceability of paragraph 3 of the Judgment would need to be decided in conjunction with a decision on primary residential responsibility, Khilyn withheld K.J.V. from Dwayne and moved to the state of Texas. Dwayne's undisputed testimony was the last time he saw his daughter prior to the December 18, 2024 hearing on this matter was Father's Day of 2024.
> . . . .
> While both parties claim that they want to facilitate and encourage a close and continuing relationship between the other parent and the child, their actions, both past and present, indicate otherwise. In the past, both parties have withheld the child from the other to serve their own purposes. Khilyn withheld K.J.V. from Dwayne for several months when she went to California. In turn, Dwayne withheld K.J.V. from Khilyn for several months until he was required by the Court to return to the parenting time specified under the Judgment.
> In spite of the fact that both parties have performed poorly relative to this factor, the Court believes this factor strongly favors

Dwayne for two reasons. First, the instances during which Dwayne withheld K.J.V. from Khilyn seem to have been done in retaliation for those times Khilyn withheld K.J.V. from Dwayne. While this certainly is not the appropriate way to deal with this situation, it does at least explain Dwayne's actions as he was trying to get equal time with K.J.V. as provided for under the Judgment. Khilyn could not offer any similar justification.

The second reason this factor strongly favors Dwayne is based upon the way Khilyn has handled K.J.V. during the pendency of these various motions. Khilyn knew she needed Court permission to remove K.J.V. from North Dakota. This is evidenced by the fact that she made the initial motion to move K.J.V. to Texas on March 5, 2024, some four months prior to her moving. Also, upon receiving Dwayne's motion for declaratory relief asking that the provision in the Judgment granting Khilyn permission to remove K.J.V. from the state, Khilyn filed a responsive brief (dated April 16, 2024) wherein her attorney acknowledged that the issues of parenting time and removal of K.J.V. from North Dakota would have to be decided at a hearing on these issues. In spite of all of this, Khilyn thumbed her nose at both Dwayne and the Court and moved K.J.V. to Texas without the consent of Dwayne or any type of ruling from the Court.

Since removing K.J.V. to the state of Texas, Khilyn has continued to double down on this improper behavior. At the time of the hearing, Khilyn refused to bring K.J.V. back to North Dakota so that she could see Dwayne. Khilyn has limited Dwayne's electronic contact with K.J.V. to three times a week. Khilyn has monitored those electronic contacts and has terminated those contacts when she and Dwayne begin to argue. This baffles the Court as it wonders why Khilyn believes she would have any right to insert herself into those conversations Dwayne is having with K.J.V. At least initially, Khilyn failed to provide Dwayne with the address where K.J.V. was living, the name of the school K.J.V. was attending and the names of the healthcare providers K.J.V. was seeing.

Given this course of conduct by Khilyn, the Court has absolutely no confidence she will encourage any kind of relationship between K.J.V. and Dwayne. In fact, it is the Court's firm belief that Khilyn will continue to do everything she can to interfere with that relationship. Ultimately this would lead Dwayne in a situation where he would have to try to enforce a North Dakota order in Texas, which he may or may not have the resources to do, thereby

effectively ending his relationship with K.J.V. All of this is why the Court believes this factor strongly favors Dwayne.

[¶20] Craig's arguments are without merit. The district court's findings indicate the court did not misunderstand the proceedings but rather disapproved of Craig relocating with the child, refusing to bring the child back to North Dakota, limiting electronic contact between Vormestrand and the child, and failing to provide Vormestrand her new address and school information while contested motions were pending. As to Craig's motion for declaratory relief, there was no need for the district court to rule on all of Craig's pending motions when the motions ruled upon were dispositive. Further, contrary to Craig's assertion, the court did consider evidence negative to Vormestrand. The court considered Vormestrand's withholding of the child from Craig but simply gave greater weight to the evidence negative to Craig. Craig's argument that the court ignored evidence is unsupported by the record and the findings and appears to be a request for this Court to reweigh the evidence. *See Gould v. Miller*, 488 N.W.2d 42, 44 (N.D. 1992) ("While we prefer findings of fact that disclose the reasons for a trial decision, an express finding on every factor is not necessary. When the trial court does not fully explain, we will not upset its decision if valid reasons are fairly discernible either by deduction or inference." (citations omitted)); *Grasser*, 2018 ND 85, ¶ 23 ("In a bench trial, it is for the district court to determine credibility issues and we do not reweigh the evidence or reassess credibility."). The court did not err in concluding that factor (e) favored Vormestrand, and there is sufficient evidence to support its decision. The court did not abuse its discretion in denying the motion for a new trial based on this argument.

[¶21] As to Craig's arguments regarding the other best-interests factors, the record supports the district court's findings, the findings are not clearly erroneous, and we are not left with a definite and firm conviction a mistake has been made. We conclude the court did not err in awarding Vormestrand primary residential responsibility or abuse its discretion in denying Craig's motion for a new trial under N.D.R.Civ.P. 59(b)(6).

## III

[¶22] Craig argues the district court abused its discretion in denying a new trial under N.D.R.Civ.P. 59(b)(1) because irregularities in the proceedings prevented a fair trial.

[¶23] To justify a new trial, an irregularity must be patent, obvious, or evident from the record. *Cendak Agri-Serv., Inc. v. Hausman*, 275 N.W.2d 326, 329 (N.D. 1979). "Irregularity" is defined as the nonconformance to a rule or a law, or failure to follow the requirement of the law. *Hoge v. Hoge*, 281 N.W.2d 557, 562 (N.D. 1979).

## A

[¶24] Craig argues the district court abused its discretion by not allowing her to testify from notes on the witness stand during the December 2024 hearing.

[¶25] A witness may not testify on a matter unless sufficient evidence is presented to show the witness has personal knowledge of the matter. N.D.R.Ev. 602. It is undisputed that Craig had personal knowledge to testify. However, a proper foundation must be established before a witness may refer to notes or other materials to refresh their memory under N.D.R.Ev. 612. *Cmty. Homes of Bismarck, Inc. v. Main*, 2011 ND 27, ¶ 11, 794 N.W.2d 204 (considering Fed. R. Evid. 612 in interpreting N.D.R.Ev. 612). Witnesses must show a need to refresh their memory and confirm that the notes will assist them in refreshing their memory. *Id.* A district court has broad discretion to control the use of evidence to refresh memory. *Id.*; *see also Harfield v. Tate*, 2004 ND 45, ¶ 18, 675 N.W.2d 155 ("The trial court has great latitude and discretion in conducting the trial, including the manner of presentation of the evidence.").

[¶26] When Craig was about to take the witness stand at the hearing, she had notes in her possession. The district court explained the procedure, stating:

> And you're not going to be allowed to just recite off a page, okay? You're going to have to go up and testify, and then you're going to get cross-examined by these—so leave your paper at your table.

11

Craig did not object or otherwise let the district court know she needed her notes to refresh her recollection at trial. Craig has not met her burden to show not allowing her to use her notes was an irregularity that prevented a fair trial. The court did not abuse its discretion by requiring Craig to testify from memory without the use of her notes, or in denying her motion for a new trial on this basis.

B

[¶27] Craig further asserts her status as a self-represented litigant and domestic violence survivor entitled her to greater latitude from the district court. Craig relies on legal authorities from other states to support her assertion that domestic violence survivors should be treated differently when they are self-represented. Craig argues the district court should have inquired into domestic violence during her testimony because she alleged domestic violence while questioning Vormestrand.

[¶28] "This Court does not grant self-represented litigants leniency merely because of their status as such." *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 14, 855 N.W.2d 608 (relying on *Rosendahl v. Rosendahl,* 470 N.W.2d 230, 231 (N.D. 1991); *State v. Hilgers,* 2004 ND 160, ¶ 19, 685 N.W.2d 109). Self-represented litigants are held to the same procedural rules as litigants represented by counsel. *Schwab v. Zajac*, 2012 ND 239, ¶ 20, 823 N.W.2d 737. "A self-represented party should not be treated differently nor allowed any more or less consideration than parties represented by counsel." *Hildebrand v. Stolz*, 2016 ND 225, ¶ 7, 888 N.W.2d 197 (cleaned up). A self-represented litigant is "entitled to as much judicial patience and courtesy as one represented by counsel. . . . But a trial judge cannot be an auxiliary counsel for a pro se party." *State v. Falos*, 431 N.W.2d 154, 155 (N.D. 1988).

[¶29] Craig had the burden of presenting evidence to support her case, and the district court did not abuse its discretion by not assisting her in doing so at the initial motions hearing. The court considered additional evidence at the hearing on the motion for new trial regarding the allegations of domestic violence, but was not persuaded. Craig has not met her burden to show the failure of the court

12

to relax judicial standards based on her allegation that she was a victim of domestic violence was an irregularity that prevented a fair trial. The court did not abuse its discretion by not providing Craig special treatment or by denying her motion for a new trial on this basis.

C

[¶30] Craig argues another irregularity occurred when the district court failed to address the validity of the automatic modification provision in the parties' judgment before making its ultimate determination.

[¶31] When a dispositive motion fully resolves all pending claims, the district court need not address other pending motions that are rendered moot by that final disposition, regardless of when those motions were filed. *See Bravera Bank v. Craft*, 2023 ND 214, ¶ 13, 997 N.W.2d 829. The automatic modification provision became moot when the court awarded Vormestrand primary residential responsibility. The court did not abuse its discretion by refraining from ruling on the provision before determining residential responsibility.

IV

[¶32] Craig argues, under N.D.R.Civ.P. 59(b)(3), an accident or surprise occurred when the district court awarded primary residential responsibility to Vormestrand, stating Craig should not have moved out of state while motions to relocate were pending. Craig argues the court abused its discretion by holding Craig's relocation against her when the court had ample opportunities to rule on the pending motions.

[¶33] Under N.D.R.Civ.P. 59(b)(3), a district court may grant a new trial for "accident or surprise that ordinary prudence could not have guarded against," when such grounds materially affect the party's substantial rights. *Avery v. Boysen*, 2020 ND 131, ¶ 12, 945 N.W.2d 314. Craig knew the court had multiple motions under consideration. The surprise referred to under Rule 59(b)(3) is usually a claim of surprise of some evidence or new legal theory at trial. *See Motter v. Traill Rural Water Dist.*, 2017 ND 267, ¶¶ 4, 7, 903 N.W.2d 725

13

(discussing actual surprise being such that a movant of ordinary prudence could not have guarded against).

[¶34] Contrary to Craig's assertion, the district court did not solely rely on her relocation in its findings. The parties' judgment awarded Vormestrand extended summer visitation upon Craig's relocation. The court also relied on Craig's decision to relocate with the child and subsequent refusal to honor Vormestrand's agreed upon parenting time.

[¶35] We conclude the district court did not abuse its discretion by considering Craig's relocation and her failure to follow the previous judgment in making its residential responsibility determination, and Craig has failed to show accident or surprise occurred which materially affected her substantial rights. The district court did not abuse its discretion in denying Craig's motion for a new trial under N.D.R.Civ.P. 59(b)(3).

V

[¶36] While Craig's motion to the district court included arguments for reconsideration under N.D.R.Civ.P. 60(b), she has not provided any arguments under that provision on appeal, and they are therefore waived. We conclude the remainder of Craig's arguments are either unsupported by the record on appeal or are without merit. We affirm the order denying Craig's motion for a new trial or, alternatively, reconsideration. We affirm the amended judgment.

[¶37] Lisa Fair McEvers, C.J.
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr
Mark A. Friese